ORIGINAL
FILED
FEB 13 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN F HARRINGTON, 24499-086 <br> P.O. Box 725  Plaintiff, <br> Edgefield, SC 29824 <br> -V- <br><br> DEPARTMENT OF JUSTICE, <br> Defendent. | CASE NUMBER 1:06CV00254 <br><br> JUDGE: Paul L. Friedman <br><br> DECK TYPE: FOIA/Privacy Act <br><br> DATE STAMP: 02/13/2006 |

COMPLAINT

PRELIMINARY STATEMENT

This is a civil action filed by JOHN F HARRINGTON, seeking declaratory and injunctive relief alleging the improper withholding of records and documents releasable by the Freedom of Information Act ("FOIA") and the Privacy Act. Plaintiff further alleges that in retaliation for plaintiff's prior lawsuit in a related FOIA case, persons acting on behalf of defendent agency as employees thereof, were arbitrary and capricious in withholding requested records and documents releasable under the Freedom of Information Act and the Privacy Act.

COMPLAINT -01

RECEIVED
JAN 30 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

John Harrington #24499-086
PO Box 725
Edgefield, SC 29824

## JURISDICTION

<u>1</u>.  This court has jurisdiction over the plaintiff's allegations of the improper withholding of records under the Freedom of Information Act and the Privacy Act pursuant to 5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552a(g)(1); and 28 U.S.C. § 1331.

## PARTIES

<u>2</u>.  The plaintiff, JOHN F HARRINGTON, is entitled to records and documents requested under the Freedom of Information Act and the Privacy Act.

<u>3</u>.  Defendent DEPARTMENT OF JUSTICE, is an agency of the executive branch of the United States government subject to the Freedom of Information Act and the Privacy Act.

<u>4</u>.  The Executive Office for the United States Attorneys ("EOUSA") is a componant of Defendent DEPARTMENT OF JUSTICE.

John Harrington #24499-086
PO Box 725
Edgefield, SC  29824

COMPLAINT -02

## FACTS

<u>5</u>.     On March 10, 2000, Plaintiff submitted a Freedom of Information Act request to the EOUSA requesting all records relating to his criminal case. On April 3, 2000, plaintiff submitted a superceding second written request under FOIA and the Privacy Act seeking all records relating to himself and for records relating to Kenneth Rogers Towne. Plaintiff included with the request a certified copy of Towne's death certificate.

<u>6</u>.     On June 9, 2000, EOUSA responded to plaintiff's request by seperating the requests for records relating to himself and records relating to Towne into two seperate group project requests.

<u>7</u>.     On June 6, 2001, EOUSA responded to the first of plaintiff's requests for records by advising him that a search for records relating to the subject Kenneth Rogers Towne conducted by the U.S. Attorney's Office for the Western District of Washington had revealed that there were no responsive records.

COMPLAINT - 03

John Harrington #24499-086
PO BOX 725
Edgefield SC  29824

<u>8</u>.   Plaintiff appealed the decision of the EOUSA to the Justice Department's Office of Information and Privacy ("OIP"). Plaintiff challenged EOUSA's "no records" response on the basis that Towne's status as an informant had been officially confirmed and was therefore subject to disclosure under FOIA.

<u>9</u>.   On September 4, 2001, OIP denied plaintiff's appeal and advised that if records concerning Kenneth Rogers Towne were discovered (and were releasable) pursuant to the seperate and still pending request for all records relating to plaintiff, then Towne's records would be released at that time.

<u>10</u>.   Plaintiff then filed a Complaint in the United States District Court for the District of Columbia challenging the decisions of the EOUSA and OIP (Cv. No. 01-2167 (PLF)). Defendent responded with a Motion for Summary Judgement on the ground that the EOUSA had performed an adequate search; and regardless, records relating to Towne in plaintiff's criminal case file would be released when the processing of that request was completed. On April 30, 2002, the district court granted defendent's Motion for Summary Judgement as conceded and dismissed the civil action.

COMPLAINT - 04

John F Harrington #24499-086
PO Box 725
Edgefield, SC  29824

11.    Following summary judgement, the EOUSA arbitrarily and capriciously terminated it's search for records concerning the related but seperate project request for all records relating to plaintiff.

## CLAIMS FOR RELIEF

12.    The actions and omissions of the EOUSA, a componant of defendent DEPARTMENT OF JUSTICE, in it's failure to release requested records to plaintiff after more than five years since the FOIA/Privacy Act request was accepted by defendent agency, constituted an improper withholding of records from the requestor in violation of 5 U.S.C. § 552(a)(4)(B) (1994 & Supp. IV 1998) and 5 U.S.C. § 552a(d)(1).

13.    The actions and omissions of the EOUSA, a componant of defendent DEPARTMENT OF JUSTICE, in it's termination of it's search for records concerning plaintiff, following a grant of summary judgement in a civil action involving a related but seperate FOIA/Privacy Act request, constituted an arbitrary and capricious withholding of records from the requestor in violation of 5 U.S.C. § 552(a)(3); 5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552(a)(4)(F) and 5 U.S.C. § 552(a)(d)(1).

COMPLAINT - 05

John Harrington #24499-086
PO Box 725
Edgefield, SC  29824

## RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgement stating that—

   1. Defendent DEPARTMENT OF JUSTICE violated plaintiff's rights under the Freedom of Information Act and the Privacy Act by improperly withholding releasable records, portions of records and documents;

   2. Defendent DEPARTMENT OF JUSTICE did arbitrarily and capriciously improperly withhold disclosable records from plaintiff in retaliation to plaintiff's prior civil action against the EOUSA and OIP by terminating it's search for records relating to plaintiff; and—

   3. The improper withholding of records adversely affected plaintiff as a result of the record's unavailability in time for filing deadlines to be used in support of collateral challenges in plaintiff's criminal case.

COMPLAINT - 06

B.   Enjoin defendent agency from withholding the records improperly withheld by—

  1.   Immediately arranging for the disclosure and release of all records concerning plaintiff;

  2.   Immediately arranging for the disclosure and release of all records concerning the subject Kenneth Rogers Towne in plaintiff's criminal case files; and—

  3.   To the extent that the EOUSA determines that there are withholdable records and/or portions of records, prepare a Vaugn index.

C.   Assess against defendent DEPARTMENT OF JUSTICE—

  1.   Damages to be determined by the court as authorized by the Privacy Act, taking into account the harm suffered to plaintiff's criminal case by the withholding of records, emotional pain and suffering, as well as mental anguish; and—

COMPLAINT - 07

John Harrington #24499-086
PO Box 725
Edgefield, SC 29824

2. Attorney fees and other litigation costs reasonably incurred.

D. Grant such other relief as may appear that plaintiff is entitled to.

Dated this 27th day of January, 2006.

Respectfully submitted,

*John F Harrington*
JOHN F HARRINGTON
Plaintiff
PO BOX 725
EDGEFIELD, SC  29824

COMPLAINT - 08

John Harrington  #24499-086
PO Box 725
Edgefield, SC  29824