RECEIVED
JUN 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

JOHN HARRINGTON,
      Plaintiff,

Cv No. 1:06-cv-254/ESH

-V-

DEPARTMENT OF JUSTICE,
      Defendant.

MOTION TO COMPEL DISCOVERY

    JOHN HARRINGTON, plaintiff in the above entitled action, respectfully moves this Honorable court for an Order directing defendant DEPARTMENT OF JUSTICE to comply with it's discovery obligations pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. Plaintiff certifies that he has in good faith attempted to confer with defendant DEPARTMENT OF JUSTICE to initiate discovery in this action, and relies on the following in support of this motion:

**1.** By letter dated March 23, 2006, plaintiff requested defendant to provide initial disclosures pursuant to the provisions of Rule 26(a) of the Federal Rules of Civil Procedure. The letter, which has gone unanswered, is attached.

MOTION TO COMPEL DISCOVERY -01

**2.** By Order dated March 17, 2006, this court directed defendant DEPARTMENT OF JUSTICE to file any dispositive motions within 60 days. Defendant failed to comply with the Order, but submitted a Motion for an Extension of Time without effecting service upon plaintiff, thus depriving him of the ability to respond. The motion was Granted by this court. Plaintiff now has until July 7, 2006 to file any dispositive motions.

**3.** It is anticipated that plaintiff will be unable to properly respond to any dispositive motion filed under Rule 56 until after discovery has been completed in this case.

**4.** It is submitted that this should be a very simple case that can be easily resolved in plaintiff's favor by dispositive motion, such as a cross-motion for summary judgement under Rule 56, but until defendant DEPARTMENT OF JUSTICE is compelled to provide discovery, or does so on it's own initiative, this case cannot proceed forward.

**5.** There is additionally, a reasoanble possibility that important discovery materials will be lost in the absence of judicial intervention. Plaintiff has recently been contacted by the Executive Office for the United States Attorneys ("EOUSA"), who have advised that unless plaintiff makes a payment of $264.90 within 30 days for public record materials, the agency

MOTION TO COMPEL DISCOVERY-02

will deem plaintiff "not to have made a FOIA/PA request to this office". This raises a substantial risk that if EOUSA makes that determination, that the agency will purge it's files of the FOIA/PA request by plaintiff resulting in the loss of valuable documentation relevant to the FOIA/PA search that is the subject of this action. The EOUSA letter, which is attached, is dated June 12, 2006, and states that EOUSA's decisions on this matter are not appealable.

WHEREFORE, plaintiff JOHN HARRINGTON respectfully requests this court to issue an Order compelling defendent DEPARTMENT OF JUSTICE to provide the requested discovery materials and to otherwise comply with it's discovery obligations prior to requiring plaintiff to respond to any dispositive motion, and take such other actions as are consistant with the interests of justice.

DATED this 22nd Day of June, 2006.

Respectfully submitted,

JOHN HARRINGTON
Plaintiff
PO BOX 725
EDGEFIELD, SC 29824

MOTION TO COMPEL DISCOVERY -03

John Harrington
Fed. Reg. No. 24499-086
Post Office Box 725
Edgefield, SC 29824

March 23, 2006

Kenneth L. Wainstein,
R. Craig Lawrence,
Marina Braswell,
U.S. Attorneys Office
555 4th Street--Civil division
Washington D.C. 20530

RE: HARRINGTON -v- JUSTICE
Case No. 1:06-cv-254/ESH

Dear Counsel,

This will acknowledge receipt of your answer filed in the court on March 16, 2006. I had not expected your answer to the complaint this early in the proceedings. This is so because I had not yet effected service of the complaint and summons upon you. As you are no doubt aware, Federal Rule of Civil Procedure 4(m) permits service anytime within 120 days of filing the complaint, which has not yet passed. The fact that you were proactive enough to discover the lawsuit against Justice, obtain a copy of the complaint and promptly answer deserves recognition, and I commend you for your dilligence.

The filing of your answer implies your intention to waive service of the complaint and summons in the action JOHN F HARRINGTON -v- DEPARTMENT OF JUSTICE, and any defenses relating to defects in service under Rule 12. In furtherance of this intention, I have included the appropriate materials conformed to the facts of this action. Please find enclosed:

[X] **Notice of Lawsuit and Request for Waiver of Service of Summons**

[X] **(2) Waiver(s) of Service of Summons Forms**

[X] **Statement of Duty to Avoid Unnecessary Costs**

[X] **Self Addressed Stamped Envelope**

If I am correct in concluding that it is in fact your intention to waive service, simply sign the waiver at your earliest possible convienance, slip it into the stamped envelope provided for this purpose, and shoot it back to me. If you elect formal service, that is not a problem for me. I will simply file a motion in the district court to have service effected by the U.S. Marshals.

((1))

I would also like to initiate discovery procedures under the initial disclosure provisions of Rule 26(a) of the Federal Rules of Civil Procedure. In accordance with the provisions of the rule, I am requesting that you promptly send me the following:

(a) The names of each individual and thier immediate supervisors who are likely to have information concerning the search for records pursuant to the FOIA/PA request that is the subject of this action, and the names of each individual and thier immediate supervisors who are likely to have information concerning the termination of the search for records.

I understand your natural reluctance to provide contact information to a person in custody. Therefore, if you can provide an alternative method of contact that would make everyone feel more comfortable, I am open to that. If I am dissatisfied with the arrangements and also find that it would be beneficial to contact any of them, I can always ask the court for assistance.

(b) A description of all documents and data compilations including e-mails, telephone/voicemail messages, information stored in hard drives of desktop, laptop, home computers, PDAs, computer disks, computer servers, wide area networks such as the internet, and electronic archives of key employees involved in the search for records that is the subject of this action and the termination of that search. This list should include a description of all "ghost data" (deleted files still lurking in the computer files such as files with a .TMP extention); "metadata" (information respecting modification of a file); and "legacy data" (older files that cannot be accessed by current systems).

You also might want to consider identifying the type of computer system(s) used by EOUSA during the time(s) in question; how it operates; how information is created, transmitted, stored preserved and destroyed; the kind of information available, and where such information is located.

It would probably be simpler for all involved, if you considered the idea of an "Open File" discovery process in this action. Due to the constraints of my incarceration, we should probably dispense with the formalities and simply mail each other any discoverable materials. Let me know what your thoughts are for forming a discovery plan. This case, I think, boils down to just a few key issues: Was a search for records conducted by EOUSA? When was the search terminated? And why? That's essentially the subject matter of this discovery request. If new information comes to light I may broaden the request, but I anticipate that will not be necessary.

One thing I think I should point out in all fairness. You might want to give some thought to withdrawing some of the defenses you asserted in your answer. Your first two defenses are easily overcome, and some might say, are arguably frivolous. Do you seriously mean to tell this federal judge that the complaint in this action fails to state a claim under FOIA/PA? And will you also tell that federal judge that you believe the issues in this case have already been litigated? You might do well to review the record of that related case are reread the complaint in this case. Because if you persist in these defenses, the judge <u>will</u> review these materials and will find, either on her own, or on my motion under Rule 11(c)(1)(A), that the factual contentions and legal points underlying these defenses were not formed following a reasonable inquiry into the circumstances of the case, but for an improper purpose, such as to harass, cause unnecessary delay, increase the costs of litigation, or complicate the issues in what should be a very simple case.

If you have any thoughts on settlement, which I am, by the way, open to, or any other matter that you feel needs to be addressed, please feel free to contact me either by mail or by your visit here at FCI Edgefield at any time to address your concerns.

Respectfully,

John Harrington

//
//
//
//
//
//
//
//
//
//

((3))

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

JUN 1 2 2006

Requester: John Harrington          Request Nos.: 00-871 & 00-1820

Subject of Request: Self & Kenneth Rogers Towne (deceased)

Dear Mr. Harrington:

    This letter responds to your correspondence dated April 12, 2006, in which you reference the March 27, 2006 EOUSA determinations made regarding documents located in response to your FOIA/PA requests. In addition to issues that you raise regarding the scope of your request, you also have requested a fee waiver. This letter will address those issues.

    First, you indicate that the public records (approximately 2400 pages) concerning yourself and Mr. Towne "are within the scope of the original FOIA/PA requests submitted ...." As such, please be advised that you are subject to the assessment of a fee at the previously cited cost of ten cents per page for copying charges. In actual fact the count is 2749 pages, and accordingly, EOUSA is assessing the sum of $264.90. (You received 72 pages in conjunction with the March 27th letter; the first 100 pages are free, leaving $264.90.) Enclosed are an additional 28 pages, leaving 2721 with EOUSA awaiting receipt of the aforesaid sum.

    Second, as you have indicated your desire to receive all such records on both yourself and Mr. Towne, we do not need to assess further search time as matters stand. In conjunction with this expression of your desire for the public records, and since you have specified no particular records that you seek, all such materials will be disclosed to you upon receipt of payment of the referenced sum. In addition, please be advised that this office does not index public records which are not being withheld under the FOIA/PA exemptions.

    Finally, you requested a fee waiver in connection with the search for and processing of records in the above-referenced matter. Federal Regulation 28 CFR 16.11(k) sets forth the requirements for a fee waiver or reduction in fees. After carefully considering your FOIA request in the context of 28 CFR 16.11(k), it has been determined that your request does not meet the requirements for the reasons listed below.

    1.  Your request must demonstrate that disclosure of the information you have requested in "in the public interest", and disclosure is not primarily for a commercial purpose. Your request is not for a commercial purpose, but the disclosure sought is also not in the public interest. Disclosure of information, to be in the public interest, must be "likely to contribute significantly to the public understanding of the operations or activities of the government."

Harrington cont'd - page 2

    2.  28 CFR 16.11(k) requires that the subject of the requested records must concern identifiable operations or activities of the federal government, but in your case, you yourself are the subject of the request.  In addition, 28 CFR 16.11(k) requires: "The disclosure must contribute to the understanding of the requester."  In your case, your request contributes to your individual understanding as opposed to the understanding of a broad audience of persons.

    3.  For indigent requesters, without a showing of public benefit to be derived from the requested disclosure, indigency is insufficient to warrant the grant of a fee waiver.

    Based upon all of the above, your request for a fee waiver is denied.

    Please be advised that you are being given 30 days within which to make that payment.  Payment should be made by certified check or money order, payable to the Treasury of the United States, and should be mailed to the Freedom of Information Act/Privacy Act Unit, 600 E Street, N.W., Room 7300, Washington, D.C. 20530. If you fail to make this payment, you will be deemed not to have made a FOIA/PA request to this office.

    Since this matter is presently in litigation before the U.S. District Court for the District of Columbia Civil Case Number 1:06cv00254 (PLF), the administrative appeals process respecting these determinations is moot.

    Sincerely,

    John F. Boseker
    Attorney Advisor
    FOIA/PA Unit

Form No. 016 -

3/00

## CERTIFICATE OF SERVICE

I, JOHN HARRINGTON, do hereby certify, under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746, that I caused to be served one(1) copy of this <u>Motion to Compel Discovery</u> upon defendant DEPARTMENT OF JUSTICE by placing same in Edgefield Correctional Institution's <u>LEGAL MAIL</u> system with Prepaid First Class Postage, addressed to:

>       KENNETH WAINSTEIN
>       R. CRAIG LAWRENCE
>       MARINA BRASWELL
>       U.S. ATTORNEYS OFFICE
> 555 4th STREET--CIVIL DIVISION
>       WASHINGTON D.C. 20530


EXECUTED this _____ day of June, 2006.


>                       _____
>                       JOHN HARRINGTON    Plaintiff
>                                          Pro Se