UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN HARRINGTON, Pro Se,          )
                                  )
              Plaintiff,          )
                                  )
              v.                  ) Civil No. 06-0254 ESH
                                  )
U.S. DEPARTMENT OF JUSTICE,       )
                                  )
              Defendant.          )
_____)

DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

In this Freedom of Information Act/Privacy Act suit,
defendant U.S. Department of Justice [DOJ] respectfully moves the
Court, pursuant to Rules 12(b)(1) and (6) and 56 of the Federal
Rules of Civil Procedure, for an order granting summary judgment
in favor of defendant on the grounds that no genuine issue as to
any material fact exists and dismissing this case as plaintiff
has failed to exhaust his administrative remedies.  In support of
this motion, the Court is respectfully referred to the
accompanying declaration from defendant, the Statement Of
Material Facts As To Which There Is No Genuine Issue, and the
Memorandum Of Points And Authorities In Support Of Defendant's
Motion To Dismiss or, in the Alternative, For Summary Judgment.
A proposed order consistent

with the relief sought is also attached.

                              Respectfully submitted,


                              _____
                              KENNETH L. WAINSTEIN, D.C. BAR #451058
                              United States Attorney


                              _____
                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                              Assistant United States Attorney


                              _____
                              MARINA UTGOFF BRASWELL, D.C. BAR #416587
                              Assistant United States Attorney
                              U.S. Attorney's Office
                              555 4th Street, N.W. - Civil Division
                              Washington, D.C. 20530
                              (202) 514-7226

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN HARRINGTON, Pro Se,       )
                               )
            Plaintiff,         )
                               )
            v.                 ) Civil No. 06-0254 ESH
                               )
U.S. DEPARTMENT OF JUSTICE,    )
                               )
            Defendant.         )
_____)

STATEMENT OF MATERIAL FACTS AS
TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Local Rule 7.1(h), defendant submits this statement of material facts as to which there is no genuine issue:

1.  By letter dated March 10, 2000, plaintiff sought access, pursuant to the Freedom of Information Act [FOIA], in conjunction with the Privacy Act, to all information about himself and a third party, Kenneth Rogers Towne, from the Department of Justice's [DOJ] Executive Office for United States Attorneys [EOUSA].  Declaration of John F. Boseker [Boseker Dec.], EOUSA Attorney-Advisor, copy attached, ¶ 6 & Exh. A.

2.  Plaintiff's request for records on Mr. Towne was separated by EOUSA from his request for records on himself and processed separately.  Boseker Dec., ¶ 7 & Exh. B.

3. Plaintiff's request for records on Mr. Towne was processed by EOUSA and upheld by the Court in Harrington v. Department of Justice, Civil No. 01-2167 PLF (D.D.C. Apr. 30,

2002) (summary judgment granted to defendant).

4.  EOUSA subsequently received records responsive to plaintiff's remaining request for information on himself and by letter dated March 27, 2006, released in full 35 pages, released in part 37 pages, and withheld in full 78 pages of responsive information.  Boseker Dec., ¶¶ 12-13 & Exh. F.  EOUSA also informed plaintiff that an additional 2400 pages of public records were responsive to his request but a fee would be associated with providing such records.  Id.

5.  By letter dated April 20, 2006, plaintiff requested that he be provided with the public records and that he be granted a fee waiver.  Boseker Dec., ¶ 17 & Exh. G.

6.  By letter dated June 12, 2006, EOUSA denied plaintiff's request for a fee waiver and plaintiff was given 30 days to pay the assessed fee.  Boseker Dec., ¶ 18 & Exh. H.

7.  To date plaintiff has failed to pay the assessed fee.

Boseker Dec., ¶ 20.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

- 3 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


JOHN HARRINGTON, Pro Se,        )
                                )
            Plaintiff,          )
                                )
            v.                  ) Civil No. 06-0254 ESH
                                )
U.S. DEPARTMENT OF JUSTICE,     )
                                )
            Defendant.          )
_____)


MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

PRELIMINARY STATEMENT

In this action, commenced pursuant to the Freedom of
Information Act [FOIA], 5 U.S.C. § 552, and the Privacy Act, 5
U.S.C. § 552a, plaintiff seeks access to certain records
pertaining to himself.  The accompanying declaration of John F.
Boseker [Boseker Dec.],  Attorney-Advisor for the Executive
Office of Unites States Attorneys [EOUSA], filed on this date,
recounts the chronology of defendant's administrative processing
of the records requested by plaintiff and demonstrates that
plaintiff has failed to exhaust his administrative remedies with
respect to the fees owed in connection with his request and that
he is not entitled to a fee waiver.

Accordingly, based upon this declaration, the entire record,
and for the reasons set forth below, defendant respectfully
submits that plaintiff's claims should be dismissed for failure
to exhaust administrative remedies.

ARGUMENT[1]

Under the FOIA, a plaintiff must exhaust administrative remedies before seeking judicial review of any alleged improper withholding. See, e.g., Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004); Summers v. Department of Justice, 140 F.3d 1077, 1080 (D.C. Cir. 1998); Oglesby v. United States Department of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990). The exhaustion requirement includes following an agency's fee regulations and, where appropriate, paying the fees assessed. 5 U.S.C. § 552(a)(3)(B); Oglesby, 920 F.2d at 66 & n.11, 71; Judicial Watch, Inc. v. FBI, 190 F. Supp. 2d 29, 33 (D.D.C. 2002). A requester has failed to exhaust administrative remedies if the requester does not comply with an agency's fee requirements. Oglesby, 920 F.2d at 66 & n.11, 71; Center to Prevent Handgun Violence, v. United States Dep't of the Treasury, 981 F. Supp. 20, 23 (D.D.C. 1997); Trueblood v. United States Dep't of the Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996). Such a failure deprives plaintiff of the right to judicial review of his access claims. Id.

The only exception to this principle is if the plaintiff has requested and is granted a waiver of the fees assessed. Under the FOIA, fees routinely assessable in response to an access

---

1 Although the Boseker Declaration also identifies the basis for withholding certain information from plaintiff, as explained below plaintiff is not entitled to a consideration of the merits of defendant's withholding of information in light of his failure to pay the necessary fee.

request shall be waived or reduced "if disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii).  Disclosure must contribute to the understanding of the public at large, as opposed to the individual requester or a narrow group of interested persons. See, e.g., Carney v. U.S. Department of Justice, 19 F.3d 807, 814 (2d Cir. 1994); Judicial Watch, Inc. v. U.S. Department of Justice, 122 F. Supp.2d 5, 10 (D.D.C. 2000).

This standard requires a request-by-request review of the responsive records located or anticipated to be located. National Security Archive v. Department of Defense, 880 F.2d 1381, 1383 (D.C. Cir. 1989).  The status of the requester does not entitle him to an automatic fee waiver.  See, e.g., DeCato v. EOUSA, 2003 WL 22433759, * 1 (D.C. Cir. Oct. 24, 2003); McClain v. Department of Justice, 13 F.3d 220, 221 (7th Cir. 1993).

Under the FOIA, a special judicial review provision with respect to agency fee waiver decisions provides that "the court shall determine the matter de novo, provided that the court's review of the matter shall be limited to the record before the agency."  5 U.S.C. § 552(a)(4)(A)(vii).  See, e.g., National Treasury Employees Union v. Griffin, 811 F.2d 644, 648 (D.C. Cir.

- 3 -

1987) [NTEU] (court may consider only information before agency at time of decision).   A review of the record in this case shows no error in DOJ's decision to deny plaintiff a fee waiver.

In examining plaintiff's fee waiver request, DOJ concluded that there was no evidence that release of the requested information would be likely to contribute significantly to public understanding of government operations or activities.  Boseker Dec., Exh. H; 28 C.F.R. § 16.11(k)(2)(ii).  DOJ based its decision on the fact that plaintiff sought records on himself and the records did not involve "identifiable operations or activities of the federal government."  Boseker Dec., Exh. H at 2.  Moreover, release of the records requested would only "contribute to your individual understanding as opposed to the understanding of a broad audience of persons."  Id.  Such a contribution is insufficient to warrant the expenditure of public funds that a fee waiver entails.  See, e.g., Carney v. U.S. Department of Justice, 19 F.3d at 814; Judicial Watch, Inc. v. U.S. Department of Justice, 122 F. Supp.2d at 10.

Additionally, the records for which plaintiff seeks a waiver of fees are records already in the public domain.  Boseker Dec., Exh. H.  Because this information originated outside DOJ and is already in the public domain, its re-release by DOJ would not contribute in a significant way to public understanding of government operations or activities.  See, e.g., Carney v.

- 4 -

Department of Justice, 19 F.3d at 815; McClellan Ecological
Seepage Situation v. Carlucci, 835 F.2d 1282, 1286 (9th Cir.
1987) [MESS]; Durham v. Department of Justice, 829 F. Supp. 428,
434-35 (D.D.C. 1993); see also 28 C.F.R. § 16.11(k)(2)(ii) and
(iv).

    Under the fee waiver statutory provision, plaintiff has the
burden to specifically identify the public interest to be served
by the requested disclosure. MESS, 835 F.2d at 1285; NTEU, 811
F.2d at 647. In order to meet this burden, plaintiff must
explain "with reasonable specificity how disclosure will
contribute to public understanding." MESS, 835 F.2d at 1285;
NTEU, 811 F.2d at 647 (requiring such an explanation under the
previous fee waiver standard). In this case, as demonstrated
above, plaintiff has failed to fully meet this burden.

    Consequently, plaintiff is not entitled to a fee waiver.
His failure to pay the fees properly assessed precludes judicial
review of his access request to DOJ. This warrants dismissal or
summary judgment in favor of DOJ. Judicial Watch, Inc. v. FBI,
190 F. Supp. 2d at 33; Center to Prevent Handgun Violence, v.
United States Dep't of the Treasury, 981 F. Supp. at 23.

## CONCLUSION

    WHEREFORE, for all of the reasons set forth above, defendant

- 5 -

respectfully submits that this motion should be granted.[2]

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
MARINA UTGOFF BRASWELL, DC BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

_____

2  Plaintiff pro se is hereby advised to review Attachment A with
respect to the civil rules concerning responding to a dispositive
motion such as this one.

- 6 -

<u>CERTIFICATE OF SERVICE</u>

I certify that the accompanying dispositive motion, with attached declaration and exhibits, was served upon plaintiff by depositing a copy of it in the U.S. mail, first class postage prepaid, addressed to:

> Mr. John Harrington
> Reg. No. 24499-086
> P.O. Box 725
> Edgefield, SC 29824

on this ___31st___ day of August, 2006.

> MARINA UTGOFF BRASWELL, D.C. Bar #416587
> Assistant United States Attorney
> U.S. Attorney's Office
> Judiciary Center Building
> 555 4th Street, N.W.
> Washington, D.C. 20530
> (202) 514-7226

- 7 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN HARRINGTON, Pro Se,      )
                              )
              Plaintiff,      )
                              )
              v.              ) Civil No. 06-0254 ESH
                              )
U.S. DEPARTMENT OF JUSTICE,   )
                              )
              Defendant.      )
_____)

**ORDER**

Upon consideration of defendant's motion to dismiss or, in
the alternative, for summary judgment, of all the papers filed in
support of and in opposition to that motion, and of the entire
record, and it appearing to the Court that the granting of
defendant's motion would be just and proper, it is by the Court
this _____ day of _____, 2006,

ORDERED that defendant's motion to dismiss or, in the
alternative, for summary judgment be, and it hereby is, granted;
and it is further

ORDERED that this case be, and it is, dismissed with
prejudice.

_____
UNITED STATES DISTRICT COURT

Marina Utgoff Braswell
Assistant U.S. Attorney
U.S. Attorney's Office
Judiciary Center
555 - 4th Street, N.W.
Washington, D.C. 20530


Mr. John Harrington
Reg. No. 24499-086
P.O. Box 725
Edgefield, SC 29824