IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN HARRINGTON,            )
                Plaintiff,  )
                            )
        v.                  )       Civ. No. 1:06CV00254(PLF)
                            )
UNITED STATES DEPARTMENT OF )
        JUSTICE, et al..,    )
                            )
_____)

### DECLARATION OF JOHN F. BOSEKER

I, John F. Boseker, declare the following to be a true and correct statement of facts:

1)      I am an Attorney Advisor in the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice ("DOJ").  I am specifically assigned to the

component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5

U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C.§552a(1988).  I have been so employed

since 1991.

2)      Due to the nature of my official duties, I am personally familiar with the FOIA/PA

request(s) made to EOUSA by Mr. Harrington, which forms the basis for this litigation.[1]

3)      My official duties include: having the authority to make final disclosure

determinations on records requested by an individual using the FOIA/PA, to assure compliance

---

[1]The Court is apprised that there are multiple FOIA numbers arising in connection with
Mr. Harrington's requests for records since the year 2000. Only two of these is at issue in the
present litigation, FOIA Nos. 00-871 and 00-1820, which were determined proper to combine
due to the specific nature of the records sought and the inextricable nature of these records found
upon their review.  It is hoped that confusion will be lessened by the approach taken hereafter
respecting the facts of this matter by setting this forth early on.

with the provisions of the FOIA and PA and DOJ Regulation 28 CFR§16.3 et seq., and §16.40 et seq., as well as to defend EOUSA's position in litigating challenges to EOUSA's actions.

4)    My official duties also include: acting as liaison between EOUSA and the components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought from EOUSA and /or the 94 U.S. Attorneys offices ("USAO's"); reviewing request-related correspondence; reviewing searches performed in response to requests; and reviewing responses made to those requests.

5)    The statements that follow are made on the basis of my review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties.

## BACKGROUND

### FOIA NOS. 00-871 & 00-874

6)    On March 10, 2000, EOUSA received a letter dated March 5, 2000, from Mr. Harrington. This letter sought all records under the FOIA/PA thought to be maintained by the USAO/Western District of Washington (WDWA) on himself in connection with criminal case number CR94-455-JET, and a list of 13 third party individuals. **Exhibit A attached.**

7)    EOUSA policy and practice is to create two distinct files by virtue of the different treatment accorded such distinct subject matters under FOIA/PA, where as here a request is made for records both on oneself and on others. Thus, Mr. Harrington was notified by letter dated April 6, 2000 of the receipt of his request letter, and the assignment of **FOIA No. 00-871** to that portion dealing with his own records, notified that requests to obtain all information from one's own criminal case file ("Project Request") could result in a nine month processing time period, a time period that might be shortened were he to "narrow" his request to specific items. **Exhibit B**

**attached.** He was also notified by letter dated May 29, 2000, that his request for records

concerning the list of third party individuals was assigned **FOIA No. 874** and that EOUSA had

categorically denied access by application of Exemptions (b)(7)(C) and (b)(6) and PA (a)(b),

absent authorization or consent to disclose, proof of death, or establishing a public interest

outweighing the privacy interests of any of the named third parties. He was also provided with 30

days to appeal this denial to the Office of Information and Privacy (OIP), which appeal was not

filed.[2]

**FOIA NOS 00-871, 00-1820, & 00-1821**

8)      On April 11, 2000, EOUSA received another letter from Mr. Harrington dated

April 3, 2000, in which he referenced FOIA No. 00-874, and requested "all records relating to

me" as well as "all records relating to Kenneth Rogers Towne", attaching a certified death

certificate regarding Mr. Towne.  **Exhibit C attached.**

9)      By letter dated June 9, 2000, EOUSA notified Mr. Harrington that it had received

this letter and had assigned **FOIA No. 00-1820** to records on himself in the USAO/WDWA.

**Exhibit D attached.**  It further notified him that it had assigned **FOIA No. 00-1821** to his request

for records on Mr. Towne.[3]

10)     By letter dated April 30, 2001, Mr. Harrington requested a status update upon

_____

[2]**FOIA No. 874** is not at issue in this case, but for the sake of clarity is accounted for in
the background.

[3]Again, per the policy and practice of the EOUSA, this request letter was split into two
separate files **FOIA No. 00-1820 (self) and No. 00-1821 (Towne).**  From a review of the notes
contained within the "self" file it appears that a determination was made that **FOIA No. 00-871**
and **00-1820** were seeking different information: the former a specific criminal case file and the
latter all records on himself. (The USAO/WDWA was then undertaking a search for records
responsive to **FOIA No. 00-871** and there was then no basis for combining the two - as was later
done.)

**FOIA Nos. 00-871 (own records)** and **00-1821 (Towne records)**, which letter was received by

EOUSA on May 4, 2001. **Exhibit E attached.** This letter complained of the delay beyond the

nine month time period for "Project Requests" and restated his dual requests. **Id.**

11)    On June 6, 2001, EOUSA notified Mr. Harrington that the USAO/WDWA  had

searched for and  located no records responsive to his request for records on Mr. Towne.

12)    While it is unclear from the record contained in **FOIA Nos. 00-871** and **00-**

**820** what caused the delay in obtaining records responsive to Mr. Harrington's request, following

the commencement of the above captioned action, EOUSA did receive records from the

USAO/WDWA responsive not only to the request for records. A review of the records revealed

that Mr. Harrington's records contained records pertaining to Mr. Towne, as well.

**FOIA NOS. 00-871 (Self) & 00-1820 (Towne)**

13)    By letter dated March 27, 2006,  EOUSA notified Mr. Harrington that it had

located and processed records in the USAO/WDWA. which had been forwarded to EOUSA for

review and determination. [4] Enclosed with the letter EOUSA sent 35 pages released in full

("RIF") and 37 pages with portions withheld ("RIP"). Mr. Harrington was advised that EOUSA

continued to withhold 78 pages in full ("WIF").  **Exhibit F attached.**

14)    This same letter notified Mr. Harrington  that EOUSA had applied FOIA

exemptions 5 U.S.C. §552 (b)(3) in conjunction with Federal Rule of Criminal Procedure 6(e)

and 18 U.S.C. §3153,  (b)(5),  (b)(7)(C), (b)(7)(D) and PA exemption 5 U.S.C. §552a(j)(2), to

withhold material. **Id.**

---

[4]As the records reviewed were found to be intertwined as between Mr. Harrington and
Mr. Towne, and as Mr. Towne was deceased thereby obviating concerns for protection of his
privacy rights under the FOIA, EOUSA combined both of these FOIA request files for purposes
of rendering its final determination on the documents.

15)    This same letter also notified Mr. Harrington that EOUSA had referred records to the following components/agencies: Drug Enforcement Administration (DEA) - 915 pages[5] and 4 audio tapes, and U.S. Marshal's Service (USMS) - 150 pages. These entities were to review, make determinations under the FOIA/PA, and correspond directly with Mr. Harrington. **Id.**

16)    Finally, EOUSA advised Mr. Harrington that it had estimated that there were approximately 2400 pages of public records, which might be obtained from either the clerk of the court or from EOUSA upon specific request.   The records were subject to a copying charge of ten cents per page, and Mr. Harrington was further advised in this regard that these records might include references to Mr. Towne, which in order to locate only those, would likely result in an additional search fee assessed at $28.00 per hour. (He was notified that the two hours of free search time had already been expended.)  He was also advised that given the above-captioned litigation, he would need to respond within 30 days if he wished to obtain any or all of these public records. **Id.**

17)    On April 20, 2006, EOUSA received a letter from Mr. Harrington dated April 12, 2006, responding to EOUSA's March 27, 2006 letter.  In relevant part, Mr. Harrington stated that he intended the public records to be included within the scope of his request. He further contested the need to send a separate written request for them, or pay a search fee that might arise from a search for records referencing Mr. Towne.  He then requested an itemized list of the public records in question, and requested a fee waiver. **Exhibit G attached.**

18)    By letter dated June 12, 2006, EOUSA replied to Mr. Harrington's letter as follows: First, he was advised that EOUSA was assessing a copying fee of $264.90 for the public

---

[5]DEA referral was corrected to total 908 pages after joint recount.

records, to be paid prior to their release, a recount establishing 2749 pages. As 72 pages had previously disclosed, EOUSA enclosed an additional 28 pages (of public records) to him in order that he receive the 100 free pages to which he was entitled, the remaining pages to be copied at ten cents per page. Second, no additional search time would be assessed, since he had stated that all public records were requested included in his original request. Third, no indexing of public records would be provided to him. Fourth, he was denied a fee waiver and provided with the reasons therefore. Finally, he was given 30 days within which to pay this fee, and was advised that failure to make this payment would result in his being deemed not to have made a FOIA request. **Exhibit H attached.**

19)    Receipt of EOUSA's letter was verified. **Exhibit I attached.**

20)    To date, EOUSA has not received the assessed sum. As such, it is EOUSA's position that the present action should be dismissed on the grounds that Mr. Harrington has refused to pay fees, and has therefore no cognizable request to litigate.

21)    EOUSA therefore reserves its arguments regarding the withheld records or portions thereof and the exemptions applied thereto, pending resolution of this jurisdictional question. Should this issue resolve adverse to EOUSA, an Index to the records withheld and the reasons for the exemptions taken will go forth.

22)    Each step in the handling of Mr. Harrington's request has been generally consistent with the EOUSA and the USAO's procedures adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA, unique circumstances notwithstanding.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ~~August 31~~, 2006.

JOHN F. BOSEKER

Attorney Advisor, EOUSA

## FREEDOM OF INFORMATION ACT REQUEST

### 5 U.S.C § 552a

Suzanne Little, Attorney-in-charge          March 5, 2000
FOI/PA Section
Executive Office for U.S. Attorneys
7100 BICN Building
Washington D.C.
20530


Dear Ms. Little,

    This is to request records and/or portions of records from your component under the Freedom of Information Act and the privacy Act of 1974. Please find attached:


### [x] Certification of Identity Form

    This will assist you in verifying my identity pursuant to 28 CFR § 16.41(d)(2).

    The nature of the records I seek are related to a criminal case that has led to my current term of incarceration. For your reference, the District Court docket number is: CR94-455-JET , out of the Western _____ District of Washington _____ . It is my belief that the status of this case is closed and that there will be no further investigations into this matter.
    Of particular interest to me are documents that were offered, or could have been offered as exhibits in the above referenced case. I seek full disclosure of those materials.
    I also seek disclosure of all other records or portions of records relating to me including witness statements, criminal investigations, and citizen complaints. To assist your search, I have compiled a list of names of individuals who may have been considered potential codefendents during the course of the investigation of my case. I ask that files under these individual's names are reviewed for pertinant records. The names are as follows:

Matt McGill
Mike Martino
Joshua Lagasse
Timothy Cay Moore
Jordan Burlingame
Jason Rice
Robert David Irwin
Kenneth Rogers Towne
Candee Watson
John T. Pocsai
Jason Hughes
SRE-91-0016 (C.1.)
SRE-92-0021 (C.1.)



If for any reason, it is determined that portions of records or materials requested are exempt under a recognizable catagory under the Freedom of Information Act or the Privacy Act of 1974, then it is my request that any such exempted records or material are then indexed and itemized with detailed justification for any exclusion. However, I still request to obtain these records as soon as possible, and <u>in no way do I waive my right to the entire file or record.</u>

I would appreciate your prompt reply to my request for these records. Please assign a file number to this request and process it. Also, please send me a letter of acknowledgement of reciept with the Request File Number and an estimation of when I can expect to receive the requested records.

## COSTS AND FEES

I am respectfully requesting a ▓▓▓▓▓ of search, review, and copying fees due to my indigent prisoner status. The records I am requesting will help myself and others better understand how the Government works.

## CORRESPONDANCE

Please address all correspondance and information to me at the following address:

<u>John Harrington</u>
<u>24499-086</u>
<u>P.O. BOX 7001</u>
<u>Taft, California</u>
<u>93268</u>

Thank you for your cooperation and consideration,

Respectfully,

*John S. Herring Von TB*

John Harrington    24499-086

U.S. Department of Justice

## Certification of Identity



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  _____ John Francis Harrington _____

Current Address  _____ P.O. BOX 7001, Taft, California, 93268 _____

Date of Birth  _____ 01/16/66 _____

Place of Birth  _____ Pomona, California _____

Social Security Number [2]  _____ ~~████████~~ _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3]  _____ John F. Harrington IV _____   Date _3/5/00_

## Optional: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 1/31/01

FORM DOJ-361
FEB. 98



APR - 6 20

Request Number: 00-871

Requester: JOHN HARRINGTON

Subject: SELF/WAW

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request.  It has been assigned the above number.  <u>Please give us this number if you write about your request</u>.  If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request).  Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days).  There are some exceptions, for example, Project Requests take approximately nine months to process.  Requests for "all information about myself in criminal case files" are Project Requests.  If you have made such a request, you may either write us and narrow your request for specific items, or we will consider that you have agreed to a due date of nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c).

                        Sincerely,

                        Suzanne Little

FILE

                        Suzanne Little
                        Assistant Director
                        FOIA/PA Unit

Form No. 001 - 6/99

SUZANNE LITTLE
ASSISTANT DIRECTOR
FOIA/PA UNIT
EXECUTIVE OFFICE OF THE U.S. ATTORNEY
600 E St. N.W. ROOM #7300
WASHINGTON D.C.
20530

APRIL 3, 2000

## FREEDOM OF INFORMATION ACT REQUEST

Dear Ms. Little,

This is to request records or portions of records under the Freedom of Information Act. This is my second request (previous request no. :00-874) and I hope to more fully comply with your regulations and procedures under the Freedom of Information Act and the Privacy Act of 1974. I seek full disclosure of the following records:

[x]   ALL RECORDS RELATING TO ME. PLEASE FIND ATTACHED CERTIFICATION OF IDENTITY FORM

[x[   ALL RECORDS RELATING TO KENNETH ROGERS TOWNE. PLEASE FIND ATTACHED CERTIFIED DEATH CERTIFICATE COPY.

In order to assist your office in the search for records of Kenneth Rogers Towne, I am able to provide the following information:

SUBJECT NAME: KENNETH ROGERS TOWNE

CURRENT STATUS: DECEASED.

DATE OF BIRTH: 07/25/73

PLACE OF BIRTH: SEATTLE, WASHINGTON

SOCIAL SECURITY #: ████████

Please assign a new request number and advise me in writing of that new request number and approximately how long it shall be before I will recieve the requested record. You may contact me at the following address:

JOHN HARRINGTON
24499-086
P.O. BOX 7001
TAFT, CALIFORNIA
93268



## COSTS AND FEES

    I am formaly requesting that your office waives the search, review, and copying fees for this request. I am an indigent federal prisoner serving a term of imprisonment.

           THANK YOU FOR YOUR HELP AND ASSISTANCE.

               RESPECTFULLY,

                      JOHN HARRINGTON   24499-086
                      P.O. BOX 7001
                      TAFT, CALIFORNIA
                         93268

U.S. Department of Justice

## Certification of Identity



Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]      John Francis Harrington

Current Address      P.O. BOX 7001, Taft, California, 93268

Date of Birth      01/16/66

Place of Birth      Pomona, California

Social Security Number [2]      ████████

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3]  _John F. Harrington_      Date   April 3, 2000

## Optional: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 1/31/01

FORM DOJ-361
FEB. 98

# STATE OF ARIZONA

## Certified Copy of Vital Record

Certified Copy of Vital Record
STATE OF ARIZONA

ORIGINAL STATE COPY

DEPARTMENT OF HEALTH SERVICES - OFFICE OF VITAL RECORDS
CERTIFICATE OF DEATH

DEATH NO. D 102- **97-016450**

NAME OF DECEASED — A. FIRST **KENNETH** — C. LAST **TOWNE** — SEX **MALE** — DATE OF DEATH: MONTH **MAY** DAY **23** YEAR **1997**

RACE (e.g., white, black, American Indian, (specify tribe), etc.) SPECIFY **WHITE** — OF HISPANIC ORIGIN? **NO** — IF YES, INDICATE MEXICAN, SPANISH, PUERTO RICAN, CUBAN, ETC. — WAS DECEASED EVER IN U.S. ARMED FORCES? (SPECIFY YES OR NO) **NO**

PLACE OF DEATH — A. COUNTY **MARICOPA** — B. TOWN OR CITY **MESA** — C. HOSPITAL OR INSTITUTION **DESERT SAMARITAN HOSPITAL** — IF RESIDENCE, GIVE STREET ADDRESS — ☐ DOA ☐ OP OF EMER. ☐ IN PATIENT

DATE OF BIRTH — MONTH **JULY 25,** YEAR **1973** — AGE (YEARS) LAST BIRTHDAY **23** — UNDER 1 YEAR MOS. — IF UNDER 1 DAY HRS. MIN. — MARRIED, NEVER MARRIED, WIDOWED, DIVORCED (SPECIFY) **MARRIED** — SURVIVING SPOUSE **CANDEE WATSON** — IF WIFE, GIVE MAIDEN NAME

STATE AND CITY OF BIRTH (If not in USA, name country) **SEATTLE, WA.** — CITIZEN OF WHAT COUNTRY? **U.S.A.** — SOCIAL SECURITY NO. — USUAL OCCUPATION (Give kind of work done while working life, even if retired) **JOURNALIST** — KIND OF BUSINESS OR INDUSTRY **NEWSPAPER**

USUAL RESIDENCE — A. STATE **ARIZONA** — B. COUNTY **MARICOPA** — C. TOWN OR CITY **MESA** — D. ZIP CODE **85202** — HOW LONG IN ARIZONA? **53 DAYS** — EDUCATION HIGHEST GRADE COMPLETED — ELEMENTARY-SECONDARY — COLLEGE (1-4 or 5+)

STREET ADDRESS OR R.F.D. **224 S. LAS FLORES** — INSIDE CITY LIMITS? (SPECIFY YES OR NO) **YES** — PREVIOUS STATE OF RESIDENCE **WASHINGTON**

FATHERS NAME — A. FIRST **THOMAS** — B. MIDDLE **F.** — C. LAST **TOWNE** — MOTHER'S MAIDEN NAME — A. FIRST **JEANNE** — B. MIDDLE **S.** — C. LAST **CAMPOS**

INFORMANTS SIGNATURE **JEANNE S. TOWNE** — RELATIONSHIP TO DECEASED **MOTHER** — STREET AND NO. **2641 N.W. 63RD STREET #2/SEATTLE, WA. 98107** — CITY AND STATE — ZIP CODE

BURIAL, CREMATION, REMOVAL (SPECIFY) **CREMATION** — DATE **5-28-97** — CEMETERY OR CREMATORY - NAME **UNISERVICE CREMATORY, SEATTLE, WA.** — EMBALMER'S SIGNATURE — CERT. NO. **3331**

FUNERAL HOME **GREER-WILSON/5921 WEST THOMAS ROAD/PHOENIX, ARIZONA** — FUNERAL DIRECTOR or person acting as such (SIGNATURE) — CERT. NO.

TO THE BEST OF MY KNOWLEDGE, DEATH OCCURRED AT THE TIME, DATE AND PLACE AND DUE TO THE CAUSE(S) STATED. — ON THE BASIS OF EXAMINATION AND/OR INVESTIGATION, IN MY OPINION DEATH OCCURRED AT THE TIME, DATE AND PLACE DUE TO THE CAUSE(S) AND MANNER STATED.

SIGNATURE AND TITLE — DATE SIGNED (Mo., Day, Year) — HOUR OF DEATH — SIGNATURE AND TITLE **James R. Coulson M.D.** — DATE SIGNED (Mo., Day, Year) **MAY 24, 1997** — HOUR OF DEATH **2014**

NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (Type or print) — PRONOUNCED DEAD (Hour) **2014** — PRONOUNCED DEAD ON **MAY 23, 1997**

NAME AND ADDRESS OF CERTIFIER: PHYSICIAN, MEDICAL EXAMINER OR TRIBAL LAW ENFORCEMENT AUTHORITY (Type or Print) **SUSAN R. COMFORT, M.D., 120 S. SIXTH AVE., PHOENIX, AZ.** — MEDICAL EXAMINER'S SIGNATURE

REGISTERED **JUN 1997** — REG. FILE NO. **10075** — REGISTRAR'S SIGNATURE — ACC. DISTRICT **0705** — DATE REGISTERED IN STATE OFFICE **AUG 01 1997**

A. IMMEDIATE CAUSE (FINAL DISEASE OR CONDITION RESULTING IN DEATH) (ENTER ONLY ONE CAUSE PER LINE) **PENDING**

B. DUE TO OR AS A CONSEQUENCE OF:

C. DUE TO OR AS A CONSEQUENCE OF:

PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I — AUTOPSY **YES** — WAS CASE REFERRED TO MEDICAL EXAMINER (Specify Yes or No) **YES**

MANNER OF DEATH: ☐ NATURAL CAUSES ☐ HOMICIDE ☐ ACCIDENT ☒ PENDING INVESTIGATION ☐ SUICIDE ☐ UNDETERMINED — DATE OF INJURY MO DAY YR — HOUR — INJURY AT WORK (Specify Yes or No) — DESCRIBE HOW INJURY OCCURRED — PLACE OF INJURY (At home, farm, street, factory, office building, etc.) SPECIFY — WHERE LOCATED? STREET ADDRESS — CITY OR TOWN — STATE

SUPPLEMENTARY ENTRIES

**SUPPLEMENTARY CERTIFICATE OF CAUSE OF DEATH ATTACHED 8/1/97 CM.**

DATE ISSUED **NOV 23 1998**

This is a true and exact reproduction of the document officially registered and placed on file in the OFFICE OF VITAL RECORDS, DEPARTMENT OF HEALTH SERVICES, PHOENIX, ARIZONA issued under the authority of A.R.S. 36-341, and by direction of:

*Renée Gaudino*
RENEE GAUDINO
Assistant State Registrar

929764

This copy not valid unless prepared on engraved form displaying state seal and impressed with raised seal of issuing agency.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

FCP GOVERNMENT USE ONLY



# STATE OF ARIZONA
## Certified Copy of Vital Record

STATE OF ARIZONA
DEPARTMENT OF HEALTH SERVICES ■ VITAL RECORDS SECTION
**SUPPLEMENTARY CERTIFICATE OF CAUSE OF DEATH**

STATE FILE NO. 97-016450

| NAME OF DECEASED | A. First | R. | C. Last | DATE OF DEATH |
|---|---|---|---|---|
| | KENNETH | R. | TOWNE | MAY 23, 1997 |

| SEX | RACE OR COLOR | AGE AT DEATH | IF BABY - Mos. Days Hrs. Min. | PLACE OF BIRTH State or Country | SOCIAL SECURITY NO. |
|---|---|---|---|---|---|
| MALE | WHITE | 23 | | WASHINGTON | |

PLACE OF DEATH — a. County: MARICOPA — b. City: MESA — c. Hospital or Institution: DESERT SAMARITAN HOSPITAL

MEDICAL STATEMENT OF CAUSE OF DEATH

FILL OUT CAREFULLY

PART I. DEATH WAS CAUSED BY (Enter only one cause on each line)

A. IMMEDIATE CAUSE: IDIOPATHIC DILATED CARDIOMYOPATHY

B. DUE TO OR AS A CONSEQUENCE OF:

C. DUE TO OR AS A CONSEQUENCE OF:

ESTIMATED TIME BETWEEN ONSET AND DEATH

PART II. OTHER SIGNIFICANT CONDITIONS

AUTOPSY? 10a. YES ☒ NO ☐

If yes, were findings considered in determining cause of death? Yes or No 10b. SPECIFY: YES

If deceased was adult female, was she pregnant at death or any time in past year? Yes, No, Unknown SPECIFY:

PHYSICIAN'S SIGNATURE 11a.

TITLE OR DEGREE

ADDRESS Institution Number City and State 12.

DATE SIGNED 13.

| MANNER OF DEATH | DATE OF INJURY Mo. Day Year 16a. | HOW DID INJURY OCCUR? (Circumstances only, not cause) |
|---|---|---|
| ☐ ACCIDENT ☒ NATURAL CAUSES | | |
| ☐ SUICIDE ☐ UNDETERMINED | PLACE OF INJURY (Home, store, street, etc.) 16b. | M. 17. WHERE LOCATED? Street Address City and State |
| ☐ HOMICIDE | 18. | |

DECEASED WAS PRONOUNCED DEAD AT: 2014 M. on the date entered above

WAS DECEASED AT WORK WHEN INJURED? Yes, No, Unknown 20. SPECIFY: NO

WAS BODY VIEWED AFTER DEATH? Yes or No 21. SPECIFY: YES

KIND OF INVESTIGATION Autopsy, Inquest, Other 22. AUTOPSY

EVIDENCE OF CRIMINAL ACT(S) Yes, No, Unknown 23. SPECIFY: NO

EXPLANATORY INFORMATION (Medical Examiner may enter any details here in support of above statements)

I amend or supplement the original death certificate to certify that on the basis of examination and/or investigation, in my opinion death occurred at the time, date and place and due to the cause(s) stated.

MEDICAL EXAMINER (OR TRIBAL LAW ENFORCEMENT AUTHORITY) SIGNATURE 25a. *Susan R. Comfort M.D.*

TITLE 26. MEDICAL EXAMINER

DATE SIGNED 27. 7/15/97

MAIL ADDRESS Street and Number City and State 28. SUSAN R. COMFORT, M.D., 120 ___TH AVE., PHOENIX, ARIZONA

SUPPLEMENTARY ENTRIES

| DATE REGISTERED 30. AUG 01 1997 | REG. FILE NO. 31. 10075 | REGISTRAR'S SIGNATURE 32. | REG. DISTRICT 33. ASST. STATE REGISTRAR | DATE REC'D IN STATE OFFICE 34. AUG 01 1997 |
|---|---|---|---|---|

VS-6 (Rev. 3-84) (704)

DATE ISSUED NOV 23 1998

This is a true and exact reproduction of the document officially registered and placed on file in the OFFICE OF VITAL RECORDS, DEPARTMENT OF HEALTH SERVICES, PHOENIX, ARIZONA issued under the authority of A.R.S. 36-341, and by direction of:

29765

*Renée Gaudino*
RENÉE GAUDINO
Assistant State Registrar



This copy not valid unless prepared on engraved form displaying state seal and impressed with raised seal of issuing agency.

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7100
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

JUN - 9 2000

Request Number: <u>00-1820</u>

Requester: <u>JOHN HARRINGTON</u>

Subject: <u>SELF/WAW</u>

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. <u>Please give us this number if you write about your request</u>. If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for all information about myself in criminal case files are Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or we will consider that you have agreed to a due date of nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c).

Sincerely,

Suzanne Little

Suzanne Little
Assistant Director
FOIA/PA Unit

FILE

Form No. 001 - 6/99



April 30, 2001

SUZANNE LITTLE
ASSISTANT DIRECTOR
FOIA/PA UNIT
EXECUTIVE OFFICE FOR U.S. ATTORNEYS
FREEDOM OF INFORMATION/PRIVACY ACT UNIT          REQUEST NO. 00-871 & 00-1821
600 E. STREET N.W. ROOM #7100
WASHINGTON D.C. 20530                                      *cls 6/6/01*
                                                          *No Recs*
JOHN HARRINGTON
24499-086
PO BOX 7001
TAFT, CA, 93268


### FREEDOM OF INFORMATION ACT INQUIRY


Dear Ms. Little,

     This is to formally request an update in writing from the
Executive Office for the United States Attorneys (EOUSA) of the
present status of two seperate Project Requests that I have pending
in your department.

     As you may well know by looking to your records, a Project
Request asking for all records relating to me (Request #00-871)
on April 6, 2000, and a second project request requesting all
records relating to Kenneth Rogers Towne (deceased) under Request
Number #00-1821 was begun on June 9, 2000.

     In the two letters you sent to me acknowledging these Project
requests dated April 6, 2000 and June 9, 2000 respectively, you
advised me that the due date of the Project Requests would be nine
months from the above referenced dates.

     In light of the fact that the nine month due date has expired
some time ago regarding both of these projects, I respectfully ask
that you write back to me to advise me of the status of the Project
Requests, and when I can expect to receive the requested materials.
You may still contact me at the following address:

                         JOHN HARRINGTON
                         24499-086
                         PO BOX 7001
                         TAFT, CA, 93268


Thank you for your attention to this matter.


                         Respectfully,


                         _____
                         JOHN HARRINGTON

U.S. Departmt    of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Requester:  John Harrington                          Request Numbers:  00-871 & 00-1820

Subject of Request:  Self, & Kenneth Rogers Towne (USAO Western District of Washington)

Dear Requester:                                                                                MAR 27 2006

        Your requests for records under the Freedom of Information Act/Privacy Act have been
processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the
official record-keeper for all records located in this office and the various United States Attorneys'
Offices, respecting both request subjects.

        To provide you the greatest degree of access authorized by the Freedom of Information Act and
the Privacy Act, we have considered your request in light of the provisions of both statutes.

        The records you seek are located in a Privacy Act system of records that, in accordance with
regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy
Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and
are making all records required to be released, or considered appropriate for release as a matter of
discretion, available to you. This letter is a [ X ] partial [    ] full denial.

        Enclosed please find:

    35     page(s) are being released in full (RIF);
    37     page(s) are being released in part (RIP);
    78     page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to
determine if any information could be segregated for release.**

        The exemption(s) cited for withholding records or portions of records are marked below. An
enclosure to this letter explains the exemptions in more detail.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [   ] (b)(1) | [   ] (b)(4) | [   ] (b)(7)(B) | [ X ] (j)(2) |
| [   ] (b)(2) | [ X ] (b)(5) | [ X ] (b)(7)(C) | [   ] (k)(2) |
| [ X ] (b)(3) | [   ] (b)(6) | [ X ] (b)(7)(D) | [   ] (k)(5) |
| FRCrP 6(e) | [   ] (b)(7)(A) | [   ] (b)(7)(E) | [   ] _____ |
| 18 USC §3153 | | [   ] (b)(7)(F) | |



(Page 1 of 2)

Form No. 021- no fee - 2/06

[ **X** ] In addition, this office is withholding grand jury material which is retained in the District.

[ **X** ] A review of the material revealed:

[ **X** ] ___1,065___ page(s) and four cassette tapes originated with other government components. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you: Drug Enforcement Administration (915 Pages & 4 Audio Tapes) & U.S. Marshals Service (150 Pages). (Referrals may include duplicates, and give rise to additional fee assessments for processing.)

[ **X** ] There are approximately 2,400 pages of public records, which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to a copying fee of ten cents per page, these records may include references to Mr. Towne. Locating documents containing Towne references will likely result in an additional search fee assessed at $28.00 per hour. (The two hours of free search time has been expended.) Since we are presently before the United States District Court in connection with your records, we will need you to please respond within 30 days if you wish to obtain any or all of these public record materials.

[ **X** ] See additional information attached.

This is the final action on this above-numbered request. You may, but are not required to, appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

Enclosure(s)

JOHN HARRINGTON
No. # 24499-086
POST OFFICE BOX 725
EDGEFIELD, SC 29824

April 12, 2006

EOUSA
FREEDOM OF INFORMATION/PRIVACY ACT STAFF
600 E Street NW, ROOM # 7300
WASHINGTON D.C. 20530

RE: Request No. 00-871 &
00-1820

Dear FOIA/PA Officer,

Thank you for your letter of March 27, 2006, providing the
results of your agency's reply to my FOIA/PA request for all records
relating to myself and Kenneth Rogers Towne. It is apparant that
your reply and the reocrds that were released was made pursuant to
a search for records that was reactivated after the FOIA/PA action
was filed in the United States District Court earlier this year.

You have indicated that among the records you have withheld,
there are approximately 2,400 pages of public record materials
maintained by your agency that are within the scope of the FOIA/PA
request. You have also stated that a fee would be assessed for
copies of these records in the amount of .10¢ per page and that
to the extent that these public record materials contain references
to Mr. Towne, an additional search fee would be assessed at the
rate of $28.00 per hour.

You have advised me that if I wish to obtain some or all of
these public record materials maintained by your agency, I must
submit a new FOIA/PA request for these records and that this
seperate POIA/PA request must be submitted within 30 days.

This written communication is intended to address the issues
concerning the 2,400 pages of public record materials only, and
should not be read to address or waive any matters or contentions
respecting other records within the scope of the June 6, 2000
FOIA/PA requests for records maintained by your agency. Nor should
this letter be construed as an administrative appeal to the OIP.

First, there should be no need for a new and seperate request
for any or all of these public record materials because they are
within the scope of the original FOIA/PA requests submitted to
your agency on June 6, 2000. Those requests, it must be emphasized,
were group project requests respecting any records relating to
myself and Kenneth Rogers Towne. Since these public record materials
are maintained by your agency as part of it's ordinary record keeping
function, they fall within the scope of the original FOIA/PA requests
submitted to your componant on June 6, 2000, and should be released
responsive to that request.

TO: EOUSA
FOIA/PA Staff
RE: Request No. 00-871 & 00-1820
April 12, 2006

Page 2

**Second,** assuming arguendo, that these public record materials maintianed by your agency are somehow outside the scope of the original FOIA/PA requests and that you are correct to require me to file a new and seperate FOIA/PA request for these records, I fail to see, notwithstanding that we are presently before the United States District Court in connection with the original FOIA/PA request of June 6, 2000, why I must submit that request to your agency within 30 days. Under the Freedom of Information Act and the Privacy Act, there is no period of limitations to request records maintained by the various componants of the Executive branch. Either the records are within the scope of the original FOIA/PA requests and should be released, or I should be free to submit a new and seperate request for these records any time I choose, even years from now, and not within 30 days.

**Third,** with respect to records that may include references to Kenneth Rogers Towne, the $28.00 per hour search fee is unwarranted. You have already stated that these are public record materials, evidently created in connection with my criminal case. Since they are public records, the information in those records is already available to anyone who wishes to see them. For this reason, no search of those records for references to Mr. Towne is warranted (and hence, no search fee should be assessed) because the public record materials are in the public domain and therefore subject to disclosure in full. For the same reason, you should not attempt to withhold any of these records in part or in full under any of the statutory exceptions of the Freedom of Information or Privacy Act.

**Fourth,** regardless of whether these records are released pursuant to the June 6, 2000, FOIA/PA requests or pursuant to a new and seperate FOIA/PA request, it would be useful for purposes of saving time and costs if you were to provide me an itemized list containing a generalized description of the 2,400 pages of public record materials. It is likely that I have copies of many of these records in my personal files, and therefore, it would be redundant and unnecessary to waste the time, resources, and costs associated with the production of copies of those public record materials by your agency that are duplicative of records already in my possession. If you will send me the itemized list I have described, I can promptly return it to you indicating which of the public record materials I wish to obtain.

TO:   EOUSA
FOIA/PA staff
RE:   Request No. 00-871 & 00-1820
April 12, 2006

Page 3


**Fifth,** I would also like to request that your agency waive
any fees and costs associated with search, review and copying of
the requested records. This FOIA/PA request is a non-commercial
request for records relating to myself (and, of course, Mr. Towne)
and I have already incurred substantial expenses in initiating the
FOIA/PA action in the United States District Court in pursuit of
these records that have been improperly withheld for the last six
years. Records, I must add, that would not have been released in
the absence of the civil action in the United States District
Court.

It would be advantageous if you would please write back to
me at your earliest opportunity to address the concerns that have
been raised by this communication. If I do not receive a response
before May 10, 2006, I will be forced to assume that your written
communication of March 27, 2006 was your agency's final action in
this FOIA/PA request and will at that time decide whether to pursue
an administrative appeal with OIP, or pursue it as part of the
action in the United States District Court alleging the improper
withholding of records by your agency.



                    Respectfully,



                                    JOHN HARRINGTON

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

**FILE COPY** JUN 1 2 2006

Requester: John Harrington            Request Nos.: 00-871 & 00-1820

Subject of Request: Self & Kenneth Rogers Towne (deceased)

Dear Mr. Harrington:

This letter responds to your correspondence dated April 12, 2006, in which you reference the March 27, 2006 EOUSA determinations made regarding documents located in response to your FOIA/PA requests. In addition to issues that you raise regarding the scope of your request, you also have requested a fee waiver. This letter will address those issues.

First, you indicate that the public records (approximately 2400 pages) concerning yourself and Mr. Towne "are within the scope of the original FOIA/PA requests submitted ...." As such, please be advised that you are subject to the assessment of a fee at the previously cited cost of ten cents per page for copying charges. In actual fact the count is 2749 pages, and accordingly, EOUSA is assessing the sum of $264.90. (You received 72 pages in conjunction with the March 27th letter; the first 100 pages are free, leaving $264.90.) Enclosed are an additional 28 pages, leaving 2721 with EOUSA awaiting receipt of the aforesaid sum.

Second, as you have indicated your desire to receive all such records on both yourself and Mr. Towne, we do not need to assess further search time as matters stand. In conjunction with this expression of your desire for the public records, and since you have specified no particular records that you seek, all such materials will be disclosed to you upon receipt of payment of the referenced sum. In addition, please be advised that this office does not index public records which are not being withheld under the FOIA/PA exemptions.

Finally, you requested a fee waiver in connection with the search for and processing of records in the above-referenced matter. Federal Regulation 28 CFR 16.11(k) sets forth the requirements for a fee waiver or reduction in fees. After carefully considering your FOIA request in the context of 28 CFR 16.11(k), it has been determined that your request does not meet the requirements for the reasons listed below.

1.    Your request must demonstrate that disclosure of the information you have requested in "in the public interest", and disclosure is not primarily for a commercial purpose. Your request is not for a commercial purpose, but the disclosure sought is also not in the public interest. Disclosure of information, to be in the public interest, must be "likely to contribute significantly to the public understanding of the operations or activities of the government."

Harrington cont'd - page 2

2. 28 CFR 16.11(k) requires that the subject of the requested records must concern identifiable operations or activities of the federal government, but in your case, you yourself are the subject of the request. In addition, 28 CFR 16.11(k) requires: "The disclosure must contribute to the understanding of the requester." In your case, your request contributes to your individual understanding as opposed to the understanding of a broad audience of persons.

3. For indigent requesters, without a showing of public benefit to be derived from the requested disclosure, indigency is insufficient to warrant the grant of a fee waiver.

Based upon all of the above, your request for a fee waiver is denied.

Please be advised that you are being given 30 days within which to make that payment. Payment should be made by certified check or money order, payable to the Treasury of the United States, and should be mailed to the Freedom of Information Act/Privacy Act Unit, 600 E Street, N.W., Room 7300, Washington,D.C. 20530. If you fail to make this payment, you will be deemed not to have made a FOIA/PA request to this office.

Since this matter is presently in litigation before the U.S. District Court for the District of Columbia Civil Case Number 1:06cv00254 (PLF), the administrative appeals process respecting these determinations is moot.

Sincerely,

John F. Boseker
Attorney Advisor
FOIA/PA Unit

Form No. 016 -

3/00

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JOHN HARRINGTON
# 14499-086
FCI, P.O. BOX 725
EDGEFIELD, SC 29824

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
N McColm    6/19/00

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7001 2510 0007 8201 9652

PS Form 3811, August 2001    Domestic Return Receipt    102595-01-M-2509

