RECEIVED
SEP 1 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN HARRINGTON,<br>Plaintiff,<br><br>-v-<br><br>DEPARTMENT OF JUSTICE,<br>Defendant. | Civil No. 06-0254 (ESH) |

## MOTION TO COMPEL DISCOVERY UNDER RULE 56(f) IN PREPARATION OF PLAINTIFF'S OPPOSITION TO DEFENDENT'S DISPOSITIVE MOTION.

John Harrington, plaintiff herein, respectfully moves this Honorable court for an order directing defendant Department of Justice to produce discovery in accordance with Rule 56(f) of the Federal Rules of Civil Procedure. Plaintiff has determined that discovery is needed in preperation of his opposition to defendant's dispositive motion. Plaintiff relies on the following as grounds therefore:

**1.** The sole basis of the Department of Justice's dispositive motion rests upon the belief that Mr. Harrington failed to exhaust administrative remedies under the FOIA/PA acts. In support thereof the Department of Justice relies on a sworn declaration with

1.

supporting documentation, indicating that defendant's motion is not a facial challenge to the court's subject matter jurisdiction under Rule 12(b)(1), but raises factual issues that should be properly taken pursuant to Rule 56(c).

**2.** **Ogelsby v. U.S. Department of Army**, 920 F.2d 57 (D.C. Cir 1990) held that if an agency responds to a FOIA/PA request prior to the filing of the lawsuit, the requestor must actually exhaust his or her administrative remedies provided for in the FOIA/PA acts before going to court.

**3.** It is admitted that EOUSA responded to Mr. Harrington's FOIA/PA requests respecting himself and the seperate, but related subject of Kenneth Rogers Towne in March and June of 2000, stating that the EOUSA required nine(9) months to process the requests.

**4.** A key factual question that must be resolved in preparation of plaintiff's opposition is whether the EOUSA exercised due dilligence in processing Mr. Harrington's FOIA/PA request, or whether at some point the EOUSA abandoned it's search for records and failed to notify Mr. Harrington, which would qualify as a constructive withholding of records under the FOIA/PA.

**5.** FOIA provides for two different species of exhaustion, actual and constructive. Actual exhaustion occurs when the agency denies all or part of a requestor's document request and the requestor appeals to the OIP. COnstructive exhaustion occurs when certain

statutory requirements are not met by the agency. **Taylor v. Appleton**, 30 F.3d 1365, 1368-69 (11th Cir. 1994). As the court recognized in **Taylor**, the purpose of the FOIA/PA acts right of action in the federal courts "was to grant the requesting party a right to seek a judicial order whenever an agency completely fails to comply with a request" for records. **Taylor**, 30 F.3d at 1369 (citing **Ogelsby**).

**6.** The Department of Justice's dispositive motion has provided no insight as to the reason why the requested records were never actually released, stating in the motion that the reason for this is "unclear". An order compelling the Department of Justice to provide discovery under the auspices of Rule 56(f) should clarify this important factual matter necessary to the prepation of the plaintiff's opposition.

**7.** The court should take notice that the EOUSA maintians records of the hours spent by it's employees in searching and processing FOIA/PA requests and the results of those efforts for the purpose of assessing fees and costs. An order compelling production of this documentation would likely resolve the factual issues involved.

DATED this 12th Day of September, 2006.

Respectfully submitted,

JOHN HARRINGTON    Plaintiff
                   Pro Se

3.

## CERTIFICATE OF SERVICE

I, John Harrington, do hereby certify in accordance with the provisions of 28 U.S.C. § 1746 that I caused to be served one(1) copy of this **MOTION TO COMPEL DISCOVERY UNDER RULE 56(f) IN PREPARATION FOR PLAINTIFF'S OPPOSITION TO DEFENDENT'S DISPOSITIVE MOTION** upon defendent Department of Justice by placing same in Edgefield Federal Correctional Institution's Legal Mail System with prepaid First Class postage addressed to:

MARINA UTGOFF BRASWELL
ASSISTANT U.S. ATTORNEY
555 4tH Street N.W. -Civil Division
Washington D.C. 20001

EXECUTED this 12th day of September, 2006

_____