# RECEIVED

IN THE UNITED STATES DISTRICT COURT

SEP 1 5 2006

FOR THE DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOHN HARRINGTON,
       Plaintiff,

          -v-

DEPARTMENT OF JUSTICE,
       Defendant.

Civil No.  06-0254 (ESH)

**MOTION FOR EXTENSION OF TIME**

    John Harrington, plaintiff herein, respectfully moves this honorable court for an order granting an extension of time to respond to defendant Department of Justice's motion to dismiss. As grounds therefore, plaintiff relies on the following:

<u>1.</u>  Plaintiff is a pro se litigant held in federal custody at Edgefield Federal Correctional Institution, located in Edgefield, South Carolina.

<u>2.</u>  On September 11, 2006, plaintiff was directed by prison officials to pack his personal belongings, legal documents, and FOIA/PA case materials in preparation for transfer to Sheridan Federal Prison Camp located in Sheridan, Oregon.

1.

3. During the transfer process, plaintiff will not have access
to his legal materials, particularly, documents and materials
associated with this FOIA/PA action because inmate property is
shipped seperately from a prisoner during transfer. It is
anticipated based on past experience that the transfer could take
approximately two months.

4. Based on these circumstances, plaintiff seeks the court's
leave for an extension of time to respond to defendant's dispositive
motion. This request, if granted, will have the added benefit of
permitting the Department of Justice the time it needs to produce
discovery under rule 56(f) which plaintiff requires for the
preparation of his opposition.

5. The court and defendant are advised that Mr. Harrington's
current whereabouts during transfer can be found on the Inmate
Locator at **BOP.gov**. Additionally, it is the policy of the Bureau
of Prisons to forward mail to transferred prisoners up to 30 days
after his relocation from an institution.


            DATED this 12th day of September, 2006.


            Respectfully submitted,


                              JOHN HARRINGTON    Plaintiff
                                                 Pro Se

## CERTIFICATE OF SERVICE

I, John Harrington, do hereby certify under penalty of perjury in accordance witth the provisions of 28 U.S.C. § 1746 that I caused to be served one(1) copy of plaintiff's **MOTION FOR AN EXTENSION OF TIME**  to be served upon defendant Department of Justice by placing same in Edgefield Federal COrrectional Institution's Legal Maïl system witth Prepaïd Fïrst Class postage addressed to:

> **MARINA UTGOFF BRASWELL**
> **ASSISTANT U.S. ATTORNEY**
> **555 4tH Street N.W.  - Civil Division**
> **WASHINGTON D.C. 20001**

EXECUTED tHis 12tH day of September, 2006.

Original

United States District Court
FOR DISTRICT COLUMBIA

Mustafa Hassan
PLAINTIFFS

V,

HUD. ET AL.
Defendants.

CIV. NO. 1:06-CV0F72 EGS

RECEIVED
SEP 1 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Court Violation Of
Local Rule 83.11 (3) (6)

MOTION FOR Reconsideration

Mustafa Hassan Motion under LAW FOR
Reconsideration of the Court decision
Of September 7, 2006. court two hearts

The plaintiff is entitles to Equal

access TO due Process and Equal
Justice. Pursuant to the case cited On

1. under 1st, 5th, 14th Amevent to the united
states Constitution 1964, 1965 CIVIl.
Rights Act. As Ameded"
plaintiff citing Both Federal and

and the State Verginal State LAWS.

2. See Virginia State Bar Legal Geuidelines Rights FOR PLaintiff Rights TO PRO BONO representateon Before This court.

3. citing Rule 6.1.(A) (b)(C)PARA(1) (2) (3) (4) (5)(6)(7)(8). See Virginea Code comparason.

4. See Rule 6.2.(A)(b)(C) Comment PARA (1) (2) (3) see Code Comparison PARA(1) (2) See Also Rule 6.5.(1)(2) (3) Emphasis comment PARA (1)(2). (3) (4)(5).

5. see U.S. Rule of civil of civil PRocedures.

Rule 30. INFORMOS Pauporis ander 18 U.S.C. §3006A.

6. This court decison of September 7, 206 was ARbritory and illegal and egreigious and Wongfull.

7. The plaintiff requesting the Following reliefs that this court Revist the Abovedecision Deniing acces of PRO BONO Assistancé

8- under Rule 28 U.S.C. §1915(E) (C)(1) Rule 83. (1)(b)(3) The plaintiff constitutionalRights were usurpt By the court. This is still enteless TO PROTECT IN COURT OF LAW. The peaintiff rights Wase Abrogated UN Justey.

9. The Plaintiff Is Also request that full court Tribunal review plaintiff request FOR this court to Put Aside this illegal decision of 9/7/2006. Plaintiff challeges the court decision.

10. All the defendants offical, Professoncely arl LAWYes and are been represented by LAWyers yet this court has denied plaintiff 3 motion FOR PRO BONO even illegal NON- citizens are given BRO BONO Assistants FOR all the Above case cited plaintiff Relief must be Granted.

Mustafa Hassa
Indigent PRO Se

September 14, 2006

## Certification of Service

I Hereby certify I mail A TRUE Copy to the Following Defendants Individually and Collectively. on 9/14/2006.

Daniel I. PRYWES Esquire

1700 13th Street N/W

Washington D C. 20005

And

Robert Howes Payne II

900 EASTman str of Office of VA Attorney General

Richmond VA 23269 5th Floor

And

Beverly M. Russell is Attorney of feeea

555 4th Street N W Rm E4915

Washington DC 20530

And

U.S. Department Housing Urban Debant

100 Pen Sq East

Philadelphia PA. 19107   Defendants

UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

Mustafa Hassa
PLAINTIFF PRO Se
V
U.S. Housing and Urban
Development ET. AL.
Defendants.          civil Action No 06-001726 GS)

## ORDer,

This matter comes before The Court by
The PRO Se PLAINTIFF motion to Re
Consider the decision of 9    7/2006,
So the Full court could ReView the
Peaintiff request such decison which the
Plaintiff challeges, on consedring plaintiff
Motion and For Good cause plaintiff
Motion is Granted, this Court on ——
day of —— 2006, Granted. So. Said the
ordered the motion Granted. So. Said the
court. ——— United State District Court Judge

Mustafa Hassa plaintiff
PRO Se