RECEIVED

JAN 0 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHN HARRINGTON,<br>        Plaintiff, | )<br>)<br>)<br>) | Case No. 1:06-cv-0254-ESH |
| -v- | )<br>)<br>) |  |
| DEPARTMENT OF JUSTICE,<br>        Defendent. | )<br>)<br>)<br>) |  |

## PLAINTIFF'S OPPOSITION TO DEFENDENT'S DISPOSITIVE MOTION

John Harrington, Plaintiff herein, respectfully OPPOSES the Department of Justice's Motion to Dismiss, or in the Alternative, for Summary Judgement, pursuant to Rules 12(b)(1) and (6) and Rule 56(c) of the Federal Rules of Civil Procedure. In support of Plaintiff's Opposition, the court is respectfully referred to the accompanying Memorandum of Points and Authorities, the sworn Declaration of John Harrington and supporting documentation.

A Proposed Order is attached.

DATED this 15th Day of December, 2006.

Respectfully submitted,

JOHN HARRINGTON        Plaintiff

## CERTIFICATE OF SERVICE

I, John Harrington, do hereby certify under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746, that I caused to be served one(1) copy of each of the following documents--

[X]  Plaintiff's Opposition to Defendent's Dispositive Motion

[X]  Proposed Order

[X]  Memorandum of Points and Authorities in Support of Plaintif's Opposition

--to be served upon defendent Department of Justice by placing same in Sherian Satellite Camp's Legal Mail system with prepaid First Class postage, addressed to--

MARINA UTGOFF BRASWELL
Assistant U.S. Attorney--Civil Division
555 Fourth Street, N.W.  Room # 10-413
Washington D.C. 20530

EXECUTED this _15th_ day of December, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

JOHN HARRINGTON,    )
              Plaintiff,    )    Case No.  1:06-cv-0254-ESH
                            )
                            )
                            )
        -v-                 )
                            )
                            )
                            )
DEPARTMENT OF JUSTICE,      )
              Defendant.    )    PROPOSED ORDER
_____)


        Upon application of the plaintiff in his Opposition to the
defendant's dispositive motion, and with good cause appearing
in support of plaintiff's opposition, it is hereby
        ORDERED that defendant's Motion to Dismiss the Complaint
pursunt to Rules 12(b)(1) and (6) of the Federal Rules of
Civil Procedure is DENIED;
        ORDERED that defendant's Motion for Summary Judgement
pursuant to Rule 56(c) of the Federal Rules of Civil Procedure
is DENIED.

        DONE this _____ Day of _____, 200__.


                          _____

                          UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

JOHN HARRINGTON,           )
          Plaintiff,       )
                           )    Case No. 1:06-cv-0254-ESH
                           )
          -v-              )
                           )
                           )
DEPARTMENT OF JUSTICE,     )
          Defendent.       )
_____)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO  DEFENDENT'S DISPOSITIVE MOTION BROUGHT UNDER RULE 12(b)(1) and RULE 56(c).

## I
## INTRODUCTION

In this suit brought under the Freedom of Information and the Privacy Act, defendent Department of Justice has asked the court to dismiss this case on the ground that no genuine issue of material fact exists that plaintiff failed to exhaust his administrative remedies respecting fees, a prerequisite to an enforcement action under the FOIA/PA.  The facts of this case however, demonstrate that plaintiff John Harrington did in fact pursue his administrative remedies with the Office of Information

and privacy although, given the unique circumstances of this case, he was not required to. Accordingly, defendant is NOT entitled to dismissal of the FOIA/PA enforcement action, or in the alternative, summary judgment. Therefore, the Department of Justice's motion should be DENIED and this case placed on the next available docket for trial.

## II
## ARGUMENT

A.    **THE COMPLAINT SHOULD NOT BE DISMISSED  FOR FAILURE TO STATE A CLAIM UNDER RULES 12(b)(1) and (6)  BECAUSE GIVEN THIS CASE'S UNIQUE CIRCUMSTANCES, PLAINTIFF WAS NOT REQUIRED TO EXHAUST HIS ADMINISTRATIVE REMEDIES CONCERNING FEES AND COSTS.**

In this FOIA/PA enforcement action, the defendant the U.S. Department of Justice has filed a motion to Dismiss, or in the Alternative, Summary Judgment. The sole basis relied upon in this motion is the defendant agency's assertion that plaintiff failed to exhaust his administrative remedies respecting copying fees for records that were released subsequently to the filing of the Complaint commencing this FOIA/PA enforcement action.

In essence, the Justice Department has stated a defense that is, by it's own terms, a challenge to the court's subjext matter jurisdiction. Ordinarily, a jurisdictional attack is a facial

PLAINTIFF'S OPPOSITION -02

attack on the pleadings made in accordance with Rule 12(b)(1).
However, the Department of Justice has supported it's motion
with a sworn declaration and attached documentary evidence.
By treating it's Rule 12(b)(1) motion as factual, rather than
facial, the Department of Justice's challenge to this court's
subject matter jurisdiction is more properly treated as a motion
for summary judgment cognizable under Rule 56(c). See: **Phoenix
Consulting v. Republic of Angola**, 216 F.3d 36, 40 (D.C. Cir. 2000);
**Gould Electronics Inc. v. United States**, 220 F.3d 169, 176 (3rd
Cir. 2000).

If this court does determine that it must look beyond the
pleadings to determine whether it has jurisdiction over this
FOIA/PA enforcement action, then defendent agency's motion must
fail, because given the unique circumstances of this case, the
plaintiff was not required to exhaust his administrative remedies
respecting fees and costs.

The Department of Justice's dispositive motion is grounded
upon events that are outside of the pleadings which occurred
subsequent to the commencement of this FOIA/PA enforcement
action. With respect to the Complaint, the EOUSA's six year
delay in processing plaintiff's FOIA/PA request relieved the
plaintiff of any obligation to exhaust his administrative
remedies for copies of documents that of course, had not yet
been released. Once plaintiff commenced this enforcement action

by filing the Complaint, subsequent decisions of the defendent
agency could not operate to deprive the court of jurisdiction
over these enforcement proceedings. As the Fourth Circuit
explained in **Pollack v. Department of Justice**, 49 F.3d 115,119
(4th Cir. 1995):

> "the fact that further agency action was taking place on Pollack's
> FOIA request while his enforcement action was pending in court
> did not require Pollack to appeal administratively each agency
> determination as it was described in the department's status
> reports. The district court had jurisdiction over the enforcement
> action for the entire FOIA request and properly retained
> jurisdiction, and it was error for the district court to conclude
> that it was somehow deprived of jurisdiction because Pollack
> failed to file administrative appeals with the agency head during
> the litigation."

49 F.3d at 119.

Given the unique circumstances of the case, any failure
by Mr. Harrington to take an administrative appeal to the OIP
based on agency decisions occurring subsequent to the events
described in the Complaint should not be deemed by this court
to deprive it of jurisdiction over these enforcement proceedings.

Plaintiff's Opposition - 04

It must be added that the agency's actions subsequent to the filing of the Complaint would also seem to preclude a finding that the exhaustion requirement was triggered. Under the Freedom of Information Act, the EOUSA was required to notify plaintiff of his right to appeal any adverse determination by the agency. See: 5 U.S.C. § 552(a)(6)(A)(i). But in this case, defendent agency did something inherently fatal to the exhaustion requirement. In it's letter of March 27, 2006, **Defendent's Exhibit "F"**, the EOUSA stated that this was the agency's final action and that Mr. Harrington had 60 days to appeal the agency's decisions to the OIP, which plaintiff did. **Plaintiff's Exhibit "1"**. But, after Mr. Harrington wrote back to the agency requesting a waiver of fees, **Defendent's Exhibit "G"**, the EOUSA responded by denying Mr. Harrington's request and then also informed plaintiff that he could not appeal the agency's final determination concerning those fees. **Defendent's Exhibit "H"**. Because the EOUSA did not provide plaintiff with notice of his right to appeal the agency's decision to the OIP, (and specifically told him not to), the agency's response was insufficient under the Freedom of Information Act to trigger the exhaustion requirement and the plaintiff's administrative remedies respecting those fees should be deemed constructively exhausted under 5 U.S.C. § 552(a)(6)(C). Therefore, plaintiff should be permitted to persist in this FOIA/PA enforcement action, see: **Oglesby v. U.S. Dept. of Army**, 920 F.2d 57, 67 (D.C. Cir. 1990), and the defendent's motion to Dismiss this FOIA/PA action should be DENIED.

B. **DEFENDENT'S DISPOSITIVE MOTION SHOULD BE DENIED
BECAUSE THERE EXISTS A GENUINE DISPUTE IN THE
MATERIAL FACTS.**

Defendent Department of Justice is not entitled to summary
judgement and the agency's dispositive motion should be denied.
Attached to this motion is a sworn declaration from plaintiff
John Harrington, which details the chronology of events relating
to plaintiff's FOIA/PA request. Mr. Harrington's declaration and
supporting documentation demonstrates that material facts are in
dispute in this case that go to the heart of the defbendent's
dispositive motion. Therefore, the Department of Justice's motion
for summary judgement should be denied.

Rule 56(c) of the Federal Rules of Civil Procedure provides
that summary judgment "shall be rendered forthwith if the
pleadings, answers to interrogatories, and admissions on file,
together with affidavits, if any, show that there is no genuine
issue as to any material fact and that the moving party is
entitled to judgment as a matter of law". The adverse party's
response to a motion for summary judgment should "set forth
specific facts showing that there is a genuine issue for trial"
Fed. R. Cv.P 56(e).

In resolving a motion for summary judgment, all reasonable
inferences that may be drawn from the facts placed before the
court must be drawn in favor of the adverse party, **Anderson v.
Liberty Lobby Inc.,** 477 U.S. 242, 255 (1986). Those inferences

of course, must be reasonable, and the adverse party can only
defeat the motion for summary judgment by responding with some
factual showing that is sufficient to create a genuine issue of
material fact. **Harding v. Gray,** 9 F.3d 150, 154 (D.C. Cir. 1993).
The adverse party meets his or her burden of demonstrating the
existance of a genuine dispute in the material facts when "the
evidence is such that a reasonable jury could return a verdict for the non-
moving party". **Laningham v. U.S. Navy,** 813 F.2d 1236, 1241 (D.C.
Cir. 1987)(Per Curiam).

   To determine whether a given fact is material, a court
should refer to the substantive law. In making this determination
the Supreme Court has explained that "only disputes over the facts
that might affect the outcome of the suit under the governing law will
properly preclude the entry of summary judgment". **Anderson,** 477 U.S. at
248.

   Here, the defendent's motion for summary judgment should
be denied. As indicated in the attached declaration and it's
supporting documentation, Mr. Harrington exhausted his
administrative remedies by taking an administrative appeal to
the OIP. **Plaintiff's Exhibit "1"**. Among the many points raised
was the waiver of fees and costs. **Id.** The OIP acknowledged that
the agency had received plaintiff's administrative appeal.
**Plaintiff's Exhibit "2"**. As of this date, it is still pending.
Moreover, Mr. Harrington wrote defendent's counsel, Marina
Utgoff Braswell, a month before she filed defendent's motion
for summary judgment and offered to pay the requested fees.
**Plaintiff's Exhibit "3"**.

The Department of Justice's dispositive motion rests on defendant agency's factual assertion that Mr. Harrington failed to exhaust his administrative remedy with respect to the waiver of fees and costs. This fact, which is hotly contested in this case, goes to the heart of the defendent agency's motion for summary judgment. It appears that the Department of Justice is in the embarrassing position that it's right hand does not know what it's left hand is doing. Although defendent agency is correct to state that the exhaustion of administrative remedies is a jurisdictional prerequisite to a FOIA/PA enforcement action, and a plaintiff's failure to exhaust can be fatal to his or her suit, **Oglesby v. U.S. Dept. of Army**, 920 F.2d 57, 71 (D.C. Cir. 1990), the factual basis supporting the Department of Justice's motion for summary judgment is defeated by documents and evidence originating from a componant of the Department of Justice itself, the Office of Information and Privacy.

Because a reasonable trier of fact could conclude that plaintiff did in fact, take an administrative appeal to the OIP concerning the very subject of fees and costs, **Laningham v. Navy,** 813 F.2d at 1241 (citing Anderson) the Department of Justice has failed to make the required showing of the absence of a genuine dispute in any material fact. Therefore, defendent's dispositive motion should be DENIED.

**PLAINTIFF'S OPPOSITION –08**

## III
## CONCLUSION

For the foregoing reasons, this court should DENY defendent Department of Justice's dispositive motion under Rules 12(b)(1) and (6) and Rule 56(c), and should place this FOIA/PA enforcement action on the next available docket for trial.

DATED this 15th Day of December , 2006.

Respectfully submitted,

JOHN HARRINGTON  Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|                                   |   |                              |
|-----------------------------------|---|------------------------------|
| JOHN HARRINGTON,                  | ) |                              |
|     Plaintiff, | ) | **Case No.** 1:06-cv-0254-ESH |
|                                   | ) |                              |
|                                   | ) |                              |
| -v-                               | ) |                              |
|                                   | ) |                              |
|                                   | ) |                              |
| DEPARTMENT OF JUSTICE,            | ) |                              |
|     Defendent. | ) |                              |

## PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff John Harrington, respectfully submits to this Honorable Court this statement of material facts to which there is no genuine dispute in accordance with Local Rule 7.1(h).

The attached declaration of John Harrington with supporting documentary evidence, the Complaint commencing this action and the Answer to the Complaint by Defendant Department of Justice, along with the sworn declaration of John Boseker, EOUSA attorney advisor, FOIA/PA unit with attached documentation, and the defendent's Statement of Undisputed Material Facts supports this statement.

Plaintiff's Statement of
Undisputed Material Facts -01

**1.**  In March and April of 2000, plaintiff submitted a FOIA/PA request to the EOUSA for all records relating to himself and a third party, Kenneth Rogers Towne. **Complaint,** ¶5; **Answer,** ¶5; **Decl. of Harrington,** ¶¶ 3 - 5; **Decl. of J. Boseker,** ¶¶ 6 - 8; **Defendent's Exhibits "A", "B" & "C"; Defendent's Statement of Undisputed Material Facts,** ¶1.


**2.**  The EOUSA responded to plaintiff's request by seperating the FOIA/PA request into two group project requests to be processed seperately. **Complaint,** ¶6; **Answer,** ¶6; **Decl. of Harrington,** ¶6; **Decl. of J. Boseker,** ¶9 & n.3; **Defendent's Statement Undisputed Material Facts,** ¶2.


**3.**  In June of 2001, the EOUSA provided plaintiff with a "No Records" response concerning the Towne group project request. After exhaustion of his administrative remedies, plaintiff brought a FOIA/PA enforcement action alleging EOUSA's wrongful withholding of records. **Complaint,** ¶¶ 7 - 10; **Answer,** ¶¶ 7 - 10; **Decl. of Harrington,** ¶¶ 8 - 10; **Decl. of J. Boseker,** ¶11; **Defendent's Statement Undisputed Material Facts,** ¶3.


**4.**  Defendent agency responded with a dispositive motion premised on the ground the EOUSA performed an adequate search with the caveat that documents referencing Towne were to be released if discovered while processing the seperate FOIA/PA inquiry into

plaintiff's criminal case file, which had not yet been completed. Plaintiff conceded the point and defendent's dispositive motion was granted. Case No. 01-0254-PLF. **Complaint**, ¶10; **Answer**, ¶10; **Decl. of Harrington**, ¶10; **Defendent's Statement Undisputed Material Facts**, ¶3.

5.  Four years came and went and the EOUSA released nothing. **Complaint**, ¶12; **Decl. of Harrington**, ¶11; **Decl. of J. Boseker**, ¶12. Plaintiff then filed the complaint commencing this present FOIA/PA enforcement action alleging the EOUSA had terminated it's search for records in retaliation for bringing the prior enforcement action against the agency in 2001. **Decl. of Harrington**, ¶12.

6.  Defendent agency reacted to the suit by releasing some of the requested records and withholding others, claiming certain statutory exceptions. Additionally, the EOUSA withheld more than 2,400 pages of public records subject to payment of fees. The EOUSA also informed plaintiff that the letter constituted the agency's final action and that plaintiff had 60 days to bring an appeal to the OIP. **Decl. of Harrington**, ¶13; **Decl. of Boseker**, ¶¶ 12 - 16; **Defendent's Exhibit "F"**; **Defendent's Statement of Undisputed Material Facts**, ¶4.

7.  Plaintiff requested the EOUSA to waive fees and costs, which the agency did not respond to. Plaintiff then took an administrative appeal to the OIP. **Decl. of Harrington**, ¶¶ 14 - 16; **Plaintiff's Exhibit "1"**; **Decl. of J. Boseker**, ¶17; **Defendent's Exhibit "G"**; **Defendent's Statement Undisputed Material Facts**, ¶5.

**8.** Plaintiff received two letters from OIP, dated June 12, 2006, acknowledging receipt of the administrative appeal. **Decl. of Harrington**, ¶17; **Plaintiff's Exhibit "2"**. Also, plaintiff received a letter from the EOUSA dated the same day, denying his request to waive fees, and stating he could not appeal the agency's determination to the OIP. **Decl. of Harrington**, ¶18; **Decl. of J. Boseker**, ¶¶ 18 - 19; **Defendent's Exhibit "H"**; **Defendent's Statement Undisputed Material Facts**, ¶6.

**9.** By letter dated August 4, 2006, plaintiff advised defendent's counsel, Marina Utgoff Braswell of his agreement to pay fees and proposed a method of doing so. **Decl. of Harrington**, ¶19; **Plaintiff's Exhibit "3"**.

**10.** Opposing counsel's response was to file a dispositive motion requesting the court to dismiss the FOIA/PA enforcement action on the ground plaintiff failed to exhaust his administrative remedies concerning fees. As of this date, plaintiff's administrative appeal concerning those fees is still pending before the OIP. **Decl. of Harrington**, ¶¶ 20 - 21.

    I declare under  penalty of perjury that the foregoing is true and correct.

         EXECUTED this 15th day of December , 2006.

                                              John Harrington    Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

JOHN HARRINGTON,                )
                 Plaintiff,     )        **Case No.** 1:06-cv-0254-ESH
                                )
                                )
                                )
         -v-                    )
                                )
                                )
                                )
DEPARTMENT OF JUSTICE,          )
                 Defendent.     )
─────────────────────────────

## DECLARATION OF JOHN HARRINGTON

    I, John Harrington, do hereby certify under penalty of perjury, pursuant to the provisions of 28 U.S.C. § 1746, that the following is a true and correct statement of facts:


<u>1</u>. I am the plaintiff in the above captioned case. Presently,

I am being held in the custody of the Attorney General at

Sheridan Satellite Camp, located in Sheridan, Oregon. This

arising as a result of a 1998 conviction of federal drug

trafficking offenses in which I was a criminal defendent.

(Case No. CR-94-455-JET (W.D. WA)). The statements which

follow in this sworn declaration are made on the basis of my

own personal knowledge.

HARRINGTON DECLARATION - 01

2. This sworn declaration is made in support of Plaintiff's Opposition to defendant Department of Justice's motion to dismiss, or in the alternative, summary judgement.

## CHRONOLOGY

3. By letter dated March 5, 2000, I made a FOIA/PA inquiry to the EOUSA requesting "records or portions of records relating to me" and asked the EOUSA to review the records of potential connected cases "for pertinant records" relating to myself.

4. By letter dated March 29, 2000, Suzanne Little of the EOUSA construed my FOIA/PA request as one "concerning a third party (or third parties)" and advised me that those records could not be released absent "proof that the subject was deceased". The FOIA/PA request was therefore closed out.

5. By letter dated April 3, 2000, I submitted a new, superceding FOIA/PA request to EOUSA asking for "all records relating to me" and for "all records relating to Kenneth Rogers Towne" a third party. Attached to the request was a certified copy of Towne's death certificate.

HARRINGTON DECLARATION - 02

**6.** By letter dated June 9, 2000, Suzanne Little of EOUSA advised me that my FOIA/PA request had been accepted and assigned **Project Request # 00-1821** to my request concerning the subject Towne, and **Project Request # 00-1820** to my request concerning myself. The letter also advised that a "Project Request" was defined as, for example, "all information about myself in criminal case files". Further, EOUSA advised that Project Requests "take approximately nine months to process" but that I could "write [her] and narrow [my] request for specific items".

**7.** Ten months later, on April 30, 2001, I sent a written request to Suzanne Little of EOUSA asking for an update in writing concerning when my two Project Requests would be completed because the nine month due date had expired. Neither Suzanne Little nor EOUSA responded or acknowledged my inquiry.

**8.** By letter dated June 6, 2001, the EOUSA advised me that the search for records relating to Towne had revealed "no records". I responded to the EOUSA's "no records" response by submitting an administrative appeal to the OIP, submitting that the EOUSA's "no records" determination was demonstratably false, and I explained that in my criminal case, the USAO/WDWA had turned over records it possessed concerning Towne that it has acquired from the Renton, Washington Police Department in preperation of the criminal case against me. This submission to the OIP was

premised on the assumption that in processing the FOIA/PA
request, the EOUSA had searched it's informant records, E-mail
records, computer databases, and other readily available sources.
Because I expected that EOUSA routinely searched these sources
and that there did, in fact, exist records relating to Towne, I
concluded that EOUSA's "no records" response was the agency's
reliance on the informant exception to disclosure under the
FOIA/PA, codified under 5 U.S.C. § 552(c)(2). I therefore
presented a copy of the trial brief used by the prosecution in
my criminal case which demonstrated that Towne's status as an
informant had been officially confirmed, and observed that under
the circumstances, the EOUSA should acknowledge the record's
existence and justify it's withholding of them.

**9.** By letter dated September 4, 2001, Richard L. Huff,
co-director of the OIP, acknowledged that EOUSA's search for
records had not extended into my criminal case files and that
pertinant records concerning Towne might exist. Accordingly, OIP
stated that if any records referencing Towne were discovered in
EOUSA's search of my criminal case files in the still pending
FOIA/PA request relating to me, that those records referencing
Towne would be released at that time.

HARRINGTON DECLARATION -04

**10.**  I filed a Complaint challenging the actions of EOUSA and
OIP on November 6, 2001, (**Case No. cv-01-2167-PLF**). The Department
of Justice, the defendent in that case, responded with a Motion
for Summary Judgement putting forth the ground that the EOUSA had
performed an adequate search and that it would still release
records relating to Towne if such records were discovered in my
criminal case file as part of EOUSA's search for records relating
to me, which was the subject of a seperate FOIA/PA request, # **00-1820.**
Since the nine month due date to process that FOIA/PA request had
expired more than three months before, I anticipated receiving
those records soon, or at least within a few months. Therefore,
I made the decision to concede the DOJ's summary judgement motion
with the expectation that I could take an administrative appeal
to the OIP if the EOUSA's disclosure of records relating to Towne
still proved inadequate.

**11.**  After the district court granted summary judgement in favor
of the Department of Justice, I waited. I received no records
relating to myself or Towne, but in the interim, I had made
unrelated FOIA/PA requests to EOUSA and received records responsive
to those requests. The EOUSA had also failed utterly to contact
me to explain the reason for the extensive delay or to inform me
of how much longer it would take the agency to process the FOIA/PA
requests concerning myself and Towne.

**12.**  Finally, after waiting nearly four years following the conclusion of the first enforcement action, and almost six years after submitting the original FOIA/PA requests, I determined it was necessary to file a civil complaint in federal court alleging the wrongful withholding of records as the six year period of limitations was rapidly drawing near. Therefore, on February 13, 2006, approximately 5 years and 11 months following submission of the original FOIA/PA requests concerning myself and Towne to the EOUSA, I filed the complain commencing this enforcement action alleging the EOUSA arbitrarily and capriciously withheld records in violation of the Freedom of Information and Privacy Acts as retaliation for commencing the prior enforcement action against the agency in 2001.

**13.**  Could it be any coincidence that after 6 years since I submitted the request for records to the EOUSA, but little more than a month after I filed the Complaint commencing this action, that the EOUSA started to release records responsive to my request? By letter dated March 27, 2006, the EOUSA wrote that it had just finished processing my FOIA/PA request, releasing 35 pages in full and 37 pages in part. Additionally, the EOUSA advised that 78 pages would be withheld in full, citing various statutory exceptions, and more than 2,400 pages of public record materials were available for release subject to a seperate FOIA request, search fees, and a .10¢ per page copying fee. Finally, the letter advised this was the agency's final action and that I had 60 days to appeal to OIP.

**14.** I responded to the EOUSA's final action letter with a letter
of my own to the agency dated April 12, 2006, in which I stated
my objections to some of the agency's determinations in the hope
it would reconsider it's position. First, I objected to the
requirement that I submit a second FOIA/PA request for the more
than 2,400 pages of public records materials as they were within
the broad scope of my original FOIA/PA request submitted to the
EOUSA six years before. Second, I objected to the EOUSA's
requirement that I request those records within 30 days. Either
they were within the scope of my original FOIA/PA request and a
new request was not necessary, or they were outside that FOIA/PA
request and no time limitation applied. Third, I objected to any
search fees for references to Towne in the public records because
the records were public domain and therefore subject to disclosure
in full. Fourth, I requested EOUSA to prepare an index of the
records in order to allow me to narrow my request for records
and reduce costs. Fifth, I asked the agency to waive any fees
and costs. As added consideration for the requested fee waiver,
I reminded the agency that I had already incurred substantial
expense in initiating the FOIA/PA enforcement action in pursuit
of these records which, I reminded them, would not have been
released if I had not commenced this enforcement action in federal
court. Finally, I asked the EOUSA to respond by May 10, 2006.
Otherwise, I stated that I would be forced to treat thier letter
of March 27, 2006 as the agency's final action and on that basis,
would take an appeal to the OIP.

15. Again, I waited. I received no response from the EOUSA
before the May 10, 2006 deadline. I therefore decided that to
preserve my rights, I would have to take an administrative appeal
to the OIP.

16. On May 27, 2006, I prepared an administrative appeal raising
nine seperate grounds and submitted it to the OIP. In that appeal,
I raised substantially the same arguments that had been raised in
my April 12, 2006 letter to EOUSA. I also presented several new
arguments, among which was my position that the EOUSA's determinations
and conclusions should not be accorded the usual deference because
the agency had terminated it's search for records responsive to my
FOIA/PA requests in 2002 and had only re-activated it's search
following service of the Complaint commencing this enforcement
action as part of a legal strategy put into motion by the DOJ to
complicate the factual and legal issues involved in the case, and
possibly to deprive the court of jurisdiction. **Plaintiff's**
**Exhibit "1"**.

17. I later received two letters from the OIP, dated June 12,
2006, acknowledging it's receipt of my administrative appeal.
The agency had assigned two seperate OIP appeal numbers to the
case, **OIP No. 06-2228** & **06-2229**, and advised that due to
substantial backlog, there would be a delay in deciding the
appeals. **Plaintiff's Exhibit "2"**.

HARRINGTON DECLARATION - 08

**18.**  In a letter dated June 12, 2006, the EOUSA responded, if not belatedly, to my letter of March 27, 2006. There, the agency agreed with my argument that the 2,400 pages of public record materials were within the scope of my original FOIA/PA requests and also agreed that there would be no additional search fees assessed in reviewing those records for references to Towne. However, the agency refused to provide me with an index of the documents that would have allowed me to narrow my request and reduce costs, and declined to waive the .10¢ per page copying fee. Finally, the EOUSA advised me that I could not take an administrative appeal to the OIP of the agency's final decisions because the case was in federal court and therefore moot.

**19.**  I arrived at what I thought was a workable solution in early August and prepared a letter which I sent to Marina Utgoff Braswell, the lead attorney representing the Department of Justice. By letter dated August 4, 2006, I indicated my agreement to pay the .10¢ per page copying fee for the more than 2,400 pages of public record documentation and suggested that the proceeds could be taken directly from my prisoner account using the same procedures that were followed in the payment of the $250 filing fee. Having said that, I repeated my request that EOUSA prepare me an index of the materials which would allow me to narrow my request and to reduce costs, and again requested a waiver of costs and fees. **Plaintiff's Exhibit "3"**.

20. Opposing counsel's response to my letter was to file a dispositive motion on August 31, 2006, seeking the dismissal of the case based on misrepresentation of facts and circumstances involved in this case with the assertion that I had neither agreed to pay the copying fees, nor taken an administrative appeal of the EOUSA's final action to the OIP. This runs counter to the case chronology as documented in this sworn declaration and supporting documentation.

21. At the present date, I am still awaiting the decision of the issues raised in my administrative appeal to the OIP. It is my position that the defendent, the United States Department of Justice, has sought to perpetuate a fraud on this court through assertions and material omissions it knows to be false.

22. It is further plaintiff's position that the defendent has acted in bad faith throughout these case proceedings and should be sanctioned for it's misconduct. At a minimum, an appropriate sanction should include the court's deeming defendent to have waived the right to submit further dispositive motions or defenses.

23. Additionally, it is my position that the Department of Justice's misconduct should be considered by the court as evidence of consciousness of guilt and in determining damages and costs.

I declare under penalty of perjury that the foregoing is a true and correct statement of facts.

12/15/06

JOHN HARRINGTON

**Plaintiff's Exhibit "1"**

JOHN HARRINGTON
Fed Reg # 24499-086
Post Office Box 725
Edgefield, SC 29824

May 27, 2006

OFFICE OF INFORMATION AND PRIVACY
U.S. DEPARTMENT OF JUSTICE
1425 New York Avenue, SUITE 11050
Washington D.C. 20530-0001

RE: EOUSA Request # 00-871 &
EOUSA Request # 00-1820

FREEDOM OF INFORMATION / PRIVACY ACTS APPEAL

BACKGROUND

On March 10, 2000, a FOIA/PA request was submitted to EOUSA by John Harrington, requesting all records relating to himself and Kenneth Rogers Towne. EOUSA responded with a request for proof that the subject Towne was deceased. On April 3, 2000, a superceding FOIA/PA group project request was submitted by John Harrington. Included with the request was a certified copy of Towne's death certificate. EOUSA responded on June 9, 2000, by seperating the request for records of the two subjects into two seperate group project requests, (EOUSA # 00-1820 & #00-1821). A year later, on June 6, 2001, EOUSA contacted Mr. Harrington with it's final action concerning EOUSA # 00-1821, respecting the subject Towne, and provided a "no-records" response. Harrington then submitted an administrative appeal to OIP, (#01-2936), which decided on September 4, 2001, that any records relating to the subject Towne discovered in the still pending EOUSA requests # 00-871 & #00-1820 would be released when those searches were processed. Mr. Harrington then sought judicial review in accordance with 5 U.S.C. § 552(a)(4)(B). The District Court upheld OIP's original decision in granting summary judgement in favor of defendents. See: (Harrington v. EOUSA, Cv. Action # 01-2167 (D.DC))

Four years later, on February 7, 2006, Mr. Harrington filed a Complaint alleging that EOUSA had never released records responsive to EOUSA requests # 00-871 & 00-1820, and had in fact, been arbitrary and capricious in it's termination of the search for records as retaliation for filing the above described civil action. On behalf of the EOUSA, the DOJ denied the allegations, was given 60 days to file a dispositive motion, and on March 27, 2006, EOUSA provided Mr. Harrington 35 pages of documents in full, and 37 pages of documents released in part, that were responsive to the 6 year old FOIA/PA request.

((1))

The EOUSA additionally withheld certain records in full, including:

- **78 pages of documents that were reviewed for segragable information that could be released**

- **1,065 pages of documents and four audio tapes originating with other components**

- **2,400 pages of records maintained by EOUSA originating as public records**

This administrative appeal challenges EOUSA's final action withholding records responsive to the 6 year old FOIA/PA group project request and is intended to preserve certain rights. However, this administrative appeal should not be construed to waive any right whatsoever possessed by Mr. Harrington including, but not limited to, jurisdiction in the district court. Nine points are raised in this appeal.

**First,** the above described FOIA/PA group project searches were terminated in 2002. No search was conducted for the requested records in the four year interim between the time the 2001 civil action was decided and the time the present civil action was commenced in 2006. EOUSA's records of the searches will confirm this. EOUSA's records will also confirm that the search for the requested records was re-activated by a priority request from DOJ following service of the Summons and Complaint. This was part of a legal defensive strategy put into motion by the DOJ intended to complicate the factual and legal issues involved in the civil action and possibly to even deprive the court of jurisdiction. Accordingly, EOUSA's determinations and conclusions in it's final action should not be accorded the usual deference, because again, those determinations and conclusions were made as part of an overall strategy designed to harass, cause unnecessary delay, increase the costs of litigation, and complicate the issues in what should have been a very simple case. See: Rule 11(c)(1)(A) of the Federal Rules of Civil Procedure.

**Second,** EOUSA has asserted that 1,065 pages of withheld documents and four audio tapes originating with two other components would be referred to those agencies for review and direct response to Mr. Harrington. This administrative appeal has been delayed for nearly 60 days awaiting those direct responses, but neither the Drug Enforcement Administration nor the United States Marshal's Service has contacted Mr. Harrington regarding those referrals. This compels the conclusion that either both agencies have independently decided not to comply with FOIA's time limitation and/or disclosure requirements, or that EOUSA has not referred the request to those components for processing. OIP is respectfully requested to determine why there has been no direct response from those components, inform Mr. Harrington as to the reason, and take such action as will expedite the release of the requested records.

**Third,** EOUSA has withheld 2,400 pages of materials originating in the public record and has stated that if Mr. Harrington wishes to obtain these materials, he must submit a new request. There should be no need for a new and seperate FOIA request for any or all of these documents because they fall within the scope of the original FOIA/PA requests submitted in March and June of 2000. Those FOIA/PA requests, it must be emphasized, were group project requests seeking any records relating to himself and Kenneth Rogers Towne. Since these public records are maintained by EOUSA as part of it's usual recordkeeping function, they fall within the scope of the original FOIA/PA requests submitted in March and June of 2000, and should be released responsive to those requests.

**Fourth,** assuming arguendo, that the 2,400 pages of public records maintained by EOUSA are outside the scope of the original FOIA/PA requests and EOUSA is correct to require new and seperate requests for these records, Mr. Harrington should not be required to submit that request within 30 days of the EOUSA's final action on March 27, 2006. Under the Freddom of Information Act and the Privacy Act, there is no period of limitations to request records maintiained by the Executive branch. Either the records are within the scope of the original FOIA/PA requests and should be released, or Mr. Harrington should be free to submit a new and seperate request for those documents any time that he chooses, and not within 30 days.

**Fifth,** with respect to public records materials that may include references to the subject Towne, the search fee is unwarranted. EOUSA has already stated these are public documents, evidently created in connection with Mr. Harrington's criminal case. Since they are public documents, there is no legitimate expectation of privacy because the public record materials are in the public domain and are therefore subject to disclosure in full. For this reason, no search of these records for references to Mr. Towne is warranted (and hence, no fee should be assessed), and EOUSA should not attempt to withhold any part of these records in part or in full under any exception, statutory or otherwise.

**Sixth,** of the 37 pages of documents released in part, EOUSA has invoked exception (b)(7)(C) to withhold information from documents of judicial proceedings. The Privacy Act's exception to disclosure of records should not apply to these kinds of records. These are unsealed public records materials and there are no secret witnesses in U.S. Courts. For similar reasons, exception (b)(7)(C) should not be relied on to withhold information from written correspondence between Mr. Harrington's attorney and the Government concerning Mr. Harrington's criminal case.

**Seventh,** EOUSA has withheld 78 pages of documents in full, invoking exception (b)(7)(D). To the extent that the confidential source is Kenneth Rogers Twone or any other informant whose status as such has been officially confirmed, those documents should be released.

((3))

**Eighth,** EOUSA also relies on exception (j)(2) in withholding the 78 pages in full. The blanket law enforcement exception is of limited utility. It's application concerns considerations of whether release of the requested records would disclose the identity of confidential informants, jeopardize criminal investigations, or alert the requester (or others) of the existence of current or ongoing investigations against them. It was not meant to authorize the withholding of records relating to closed investigations. For example, law enforcement records of FBI surveillence of John Lenin and the murders of Jimmy Hoffa and President Kennedy have been released under FOIA/PA. In any event, exception(j)(2) was not intended to authorize the withholding of law enforcement records indefinitely. Even classified national and/or military secrets become publicly available after a certain number of years. To conclude otherwise, would be to encourage the emergence of a police state with little or no accountability to the American people. Here, Mr. Harrington's criminal case was concluded in 1994. He has been imprisoned since 1998. There are no pending cases against him and there is nothing in any records relating to him (or Kenneth Rogers Towne) that have the slightest relevance to any current or ongoing criminal investigation. Accordingly, the (j)(2) exception is not applicable and the records should be released.

**Ninth,** Mr. Harrington has requested EOUSA to provide an itemized index containing a generalized description of records maintained by EOUSA for the purpose of determining which of these records he already possesses to save time, resources, and costs of searching for and duplicating redundant materials. Mr. Harrington has also requested a waiver of fees and costs. EOUSA never responded. Mr. Harrington appeals these determinations on the basis that it is an arbitrary and capricious decision to summarily deny these simple requests and an unreasonable application of federal regulations.

<u>CONCLUSION</u>

For the foregoing reasons, the OIP is respectfully requested to direct EOUSA to release the requested records withheld in it's final action. Mr. Harrington would also request OIP to address each and every issue and point raised in this appeal when reaching it's decision in order to permit a more meaningful administrative review by the federal courts.


Respectfully,


**JOHN HARRINGTON**

<u>Plaintiff's Exhibit "2"</u>



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*


**JUN 1 2 2006**

Mr. John Harrington
Register No. 24499-086
Federal Correctional Institution
P.O. Box 725
Edgefield, SC 29824

     Re: Request No. 00-871

Dear Mr. Harrington:

     This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys was received by this Office on June 7, 2006.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-2228**. Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                       Sincerely,

                       Priscilla Jones
                       Chief, Administrative Staff

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                                    *Washington, D.C. 20530*

Mr. John Harrington                                    JUN 1 2 2006
Register No. 24499-086
Federal Correctional Institution
P.O. Box 725
Edgefield, SC 29824

        Re: Request No. 00-1820

Dear Mr. Harrington:

        This is to advise you that your administrative appeal from the action of the Executive
Office for United States Attorneys was received by this Office on June 7, 2006.

        The Office of Information and Privacy, which has the responsibility of adjudicating such
appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to
afford each appellant equal and impartial treatment, we have adopted a general practice of
assigning appeals in the approximate order of receipt. Your appeal has been assigned number
**06-2229**. Please mention this number in any future correspondence to this Office regarding this
matter.

        We will notify you of the decision on your appeal as soon as we can. We regret the
necessity of this delay and appreciate your continued patience.

                        Sincerely,

                        Priscilla Jones
                        Chief, Administrative Staff

**Plaintiff's Exhibit "3"**

JOHN HARRINGTON
FED REG # 24499-086
POST OFFICE BOX 725
EDGEFIELD, SC  29824

August 4, 2006

MARIA BRASWELL
ASST. U.S. ATTORNEY
JUDICIARY CENTER BLDG.                    RE: Harrington -v- Justice
555 4th STREET N.W.                           Cv No. 06-00254
WASHINGTON D.C.  20530

Dear Counsel,

    Please be advised of the following:

1.  Mr. Harrington would find it agreeable to pay the .10¢ per page copying fee
    for the public records materials maintianed by EOUSA.

2.  Because EOUSA had been arbitrary and capricious in the illegal termination
    in the search for records several years back, the required funds are not
    presently available in Mr. Harrington's prisoner trust fund account. In
    part, this is because Mr. Harrington was required to pay the $250 filing
    fee to initiate this civil action alleging the wrongful withholding of
    records.

3.  Given Mr. Harrington's present situation and the fact of his imprisonment,
    it would be easiest for Mr. Harrington if the payment for these copying
    fees was taken directly from his prisoner account using the same procedures
    that were followed in the payment of the $250 filing fee. A motion could be
    prepared and filed to effect this.

4.  Mr. Harrington would like to re-emphasize that to reduce costs associated
    with review and copying of the records and to reduce the costs of litigation,
    he would be willing to narrow his FOIA/PA request. However, to do so, it is
    necessary for EOUSA to provide a generalized index with a brief description
    of the public records material's content to Mr. Harrington in order to
    permit him to identify which records he requires.

5.  It must be added that this case could be simplified if, in the interests of
    justice, the Department of Justice exercised it's discretion to waive all
    fees and costs associated with Mr. Harrington's FOIA/PA request and released
    the requested records.

    If you have any additional thoughts on these matters, please do not
hesitate to contact me.

                        Respectfully,

                           JOHN HARRINGTON  Plaintiff