UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
JOHN HARRINGTON, Pro Se,      )
                              )
           Plaintiff,         )
                              )
      v.                      )  Civil No. 06-0254 ESH
                              )
U.S. DEPARTMENT OF JUSTICE,   )
                              )
           Defendant.         )
_____)
```

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

In this Freedom of Information Act [FOIA], 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, defendant has moved to dismiss, or in the alternative for summary judgment, on the grounds that plaintiff has failed to exhaust his administrative remedies with respect to the fees owed in connection with his request and that he is not entitled to a fee waiver. Plaintiff does not dispute the fact that he has not paid the requisite fees.

Rather, plaintiff argues that he administratively appealed his fee waiver request to the Office of Information and Privacy [OIP] and that that appeal is still pending. Plaintiff misunderstands defendant's exhaustion argument. The issue is not whether plaintiff filed any required administrative appeals; the issue is that plaintiff has not paid fees properly assessed and he is not entitled to a fee waiver, and these facts preclude

judicial review of his access request.

Plaintiff's appeal to OIP, dated May 27, 2006, states that he had requested a fee waiver from EOUSA and EOUSA had never responded. Plaintiff's Opposition, Exh. 1 at p. 4. EOUSA, however, responded to plaintiff's fee waiver request after his appeal to OIP and after the Complaint in this case was filed. See Docket Nos. 17 & 18, Exh. H. This Court, therefore, has jurisdiction over the denial of plaintiff's fee waiver request. See Oglesby v. United States Department of the Army, 920 F.2d 57, 63-64 (D.C. Cir. 1990) (if agency acts after statutory time limits to act have expired and after litigation has been filed no exhaustion requirement exists). Thus, this case is not about any requirement to administratively appeal agency action; it is about fees and plaintiff's request for a fee waiver.

Defendant demonstrated why plaintiff's fee waiver appeal was properly denied by EOUSA. Docket No. 17 at 4-5. Plaintiff offers no response to this argument. See generally Plaintiff's Opposition. Thus, the issue should be treated as conceded. See Local Rule 7(h).

Given that the fee waiver was properly denied, plaintiff is obligated to comply with an agency's fee requirements, Oglesby, 920 F.2d at 66 & n.11, 71; Center to Prevent Handgun Violence, v. United States Dep't of the Treasury, 981 F. Supp. 20, 23 (D.D.C. 1997); Trueblood v. United States Dep't of the Treasury, 943 F.

Supp. 64, 68 (D.D.C. 1996), or he loses his right to judicial review of his access claims.  Id.  He does not dispute the fact that he has been assessed fees, see Docket No. 17, Exh. H, and that he has not paid the fees assessed.  See generally Plaintiff's Opposition.  Rather, plaintiff points to a letter sent to defense counsel in which he allegedly "offered" to pay the fee assessed.  Plaintiff's Opposition at 7 & Exh. 3.  In that letter, however, plaintiff states that he has no money to pay the fee assessed.  Id.  This hardly constitutes compliance with an agency's fee assessment.

Consequently, because plaintiff is not entitled to a fee waiver and he has not paid the fees properly assessed, judicial review of his access request to the Department of Justice is unavailable.  This warrants dismissal or summary judgment in favor of DOJ.  E.g., Center to Prevent Handgun Violence, v. United States Dep't of the Treasury, 981 F. Supp. at 23.[1]

---

[1]  Plaintiff discusses at length the delays that have occurred in connection with his access request.  While regrettable, this does not alter the fee issues presented to this Court.

CONCLUSION[2]

WHEREFORE, for all of the reasons set forth above, and those submitted in defendant's dispositive motion, defendant respectfully submits that the motion should be granted.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
MARINA UTGOFF BRASWELL, DC BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

---

[2] In plaintiff's declaration he alleges bad faith on the part of defendant and requests sanctions. Plaintiff, however, points to no bad faith in connection with this litigation that would warrant any kind of sanctions from this Court.

CERTIFICATE OF SERVICE

    I certify that the accompanying reply brief was served upon plaintiff by depositing a copy of it in the U.S. mail, first class postage prepaid, addressed to:

>Mr. John Harrington
>Reg. No. 24499-086
>P.O. Box 725
>Edgefield, SC 29824

on this __12th__ day of February, 2007.

>MARINA UTGOFF BRASWELL, D.C. Bar #416587
>Assistant United States Attorney
>U.S. Attorney's Office
>Judiciary Center Building
>555 4th Street, N.W.
>Washington, D.C. 20530
>(202) 514-7226