**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| JOHN F. HARRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0254 (ESH) |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

### MEMORANDUM  OPINION

This matter is before the Court on defendant's motion to dismiss or, in the alternative, for

summary judgment.  Having reviewed the motion, plaintiff's opposition, and the entire record of

this case, the Court will grant summary judgment for defendant.

### I.  BACKGROUND

In March 2000, plaintiff sent a request under the Freedom of Information Act ("FOIA"),

5 U.S.C. § 552, to the Executive Office for United States Attorneys ("EOUSA"), a component of

the United States Department of Justice.  Complaint ("Compl.") ¶ 5.  He requested information

pertaining to "a criminal case that has led to [his] current term of incarceration."  Mem. of P. &

A. in Support of Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J. ("Def.'s Mot."),

Decl. of John F. Boseker ("Boseker Decl."), Ex. A (March 5, 2000 letter to Suzanne Little,

FOI/PA Section, EOUSA) at 1.  He then referred to "District Court docket number [] CR94-455-

JET, out of the Western District of Washington."  _Id._  In addition, he asked that files under the

names of 13 individuals listed in his letter be "reviewed for pertinent records."  _Id._  EOUSA staff

divided the request into two parts – one pertaining to plaintiff (FOIA No. 00-871 (Self)) and the

other pertaining to the listed individuals (FOIA No. 00-874).[1]  Compl. ¶ 6; Boseker Decl. ¶ 7.

EOUSA denied plaintiff's request for records about the third parties under Exemptions 6 and

7(C).  *Id.*  The request for information about himself was considered a "project request," which

could result in a nine-month processing time period unless plaintiff narrowed his request to

specific items.  *Id.*

　　　In April 2000, plaintiff sent a letter to EOUSA requesting all records about himself and

about the late Kenneth Rogers Towne.[2]  Compl. ¶ 5; Boseker Decl. ¶ 8 & Ex. C (April 3, 2003

FOIA request).  Again, EOUSA staff divided his request into two parts, assigning FOIA No. 00-

1820 (Self) to the request for records about himself and assigning FOIA No. 00-1821 (Towne) to

the request for records about Mr. Towne.[3]  Boseker Decl. ¶ 9.  In June 2001, EOUSA notified

plaintiff that it had not located any records in the United States Attorney's Office for the Western

District of Washington ("USAO/WDWA") pertaining to Mr. Towne.  Compl. ¶ 7; Bosker Decl.

¶ 11.

　　　There was an unexplained delay in the EOUSA's receipt of records from the

USAO/WDWA.  Boseker Decl. ¶ 12.  Plaintiff filed the instant civil action on January 30, 2006.

---

[1]　　　The declarant explains that EOUSA's practice is "to create two distinct files by virtue of the different treatment accorded such distinct subject matters under FOIA/PA, where as here a request is made for records both on oneself and on others."  Boseker Decl. ¶ 7.

[2]　　　Plaintiff submitted a certified copy of Mr. Towne's death certificate.  Compl. ¶ 5; Boseker Decl., Ex. C (Certification of Vital Record, Certificate of Death No. D-102-97-016450).

[3]　　　EOUSA staff determined that FOIA Nos. 00-871 and 00-1820 were distinct. Boseker Decl. ¶ 9 n.3.  The former was a request for a specific case file, while the latter was a request for all records pertaining to plaintiff.  *Id.*

*See* Compl.[4]  At some point "following the commencement of [the instant civil] action, EOUSA

located records pertaining both to plaintiff and to Mr. Towne.  Boseker Decl. ¶ 12.

In response to FOIA Nos. 00-871 and 00-1820, EOUSA released to plaintiff 35 pages in

full and 37 pages in part and withheld 78 pages in full.[5]  Boseker Decl. ¶ 13 & Ex. E (March 27,

2006 letter from W.G. Stewart II, Acting Assistant Director, Freedom of Information/Privacy Act

Staff, EOUSA).  Information was withheld under FOIA Exemptions 3, 5, 7(C), and 7(D).  *Id.*

EOUSA's written response also informed plaintiff that the agency had referred 915 pages of

records and four audio tapes to the Drug Enforcement Administration and had referred 150 pages

of records to the United States Marshals Service.  *Id.* ¶ 15.  These agencies were to respond to

plaintiff directly.  *Id.*  In addition to these records, EOUSA notified plaintiff that there were

roughly 2,400 pages of public records responsive to his request, and that these records were

available upon request, subject to a copying fee of $.10 per page.  *Id.* ¶ 16 & Ex. E.

Plaintiff's response, among other things, requested a fee waiver.  Boseker Decl. ¶ 17 &

Ex. G at 3 (April 12, 2006 letter to EOUSA, Freedom of Information/Privacy Act Staff).

EOUSA denied the fee waiver request and assessed a copying fee of $264.90 to be paid in full

before the release of the public records.[6]  *Id.*, Ex. H (June 12, 2006 letter from J.F. Boseker,

---

[4]    The Clerk of Court stamped the first page of this *pro se* pleading "received" on January 30, 2006.

[5]    EOUSA staff determined that records pertaining to plaintiff and to Mr. Towne were intertwined.  Boseker Decl. ¶ 13 n.4.  For this reason, and because Mr. Towne is deceased, EOUSA "combined both of these FOIA request files for purposes of rendering its final determination on the documents."  *Id.*

[6]    The revised page count for the public records was 2,749 pages.  Boseker Decl. ¶ 18.  Plaintiff was entitled to receive the first 100 pages at no charge.  *Id.*  Because EOUSA had released 35 pages in full and 37 pages in part already, EOUSA included

(continued...)

Attorney Advisor, FOIA/PA Unit, EOUSA).  The fee was due within 30 days of the EOUSA's

letter, and, if plaintiff failed to make the payment timely, he would "be deemed not to have made

a FOIA/PA request to [EOUSA]."  *Id.*, Ex. H at 2.

There is no dispute that plaintiff has failed to pay the assessed copying fee.  In this action,

plaintiff alleges that EOUSA has improperly withheld the requested records, Compl. ¶ 12, and he

demands their release in full.  Defendant moves to dismiss or, in the alternative, for summary

judgment on the ground that plaintiff failed to exhaust his administrative remedies before filing

this action.  *See* Def.'s Mot. at 2-5.

## II.  DISCUSSION

### A.  *Summary Judgment Standard*

To obtain summary judgment in a FOIA action, an agency must show, viewing the facts

in the light most favorable to the requester, that there is no genuine issue of material fact with

regard to the agency's compliance with the FOIA.  *Steinberg v. U.S. Dep't of Justice*, 23 F.3d

548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C.

Cir. 1984)).  The Court may award summary judgment based solely on the information provided

in affidavits or declarations when they describe "the justifications for nondisclosure with

reasonably specific detail, demonstrate that the information withheld logically falls within the

claimed exemption, and are not controverted by either contrary evidence in the record nor by

---

[6](...continued)
with its June 12, 2006 response 28 pages of the public records. *Id.*  The remaining
pages of public records would be provided at a cost of $.10 per page. *Id.*

evidence of agency bad faith."[7] *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

### B.  *EOUSA Properly Denied Plaintiff's Fee Waiver Request*

A requester may seek judicial review in a FOIA case only after having exhausted all administrative remedies.  *See Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990).  "Exhaustion [of administrative remedies] does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees."  *Id.* at 66; *see also Trueblood v. Dep't of the Treasury*, 943 F. Supp. 64, 68 (D.D.C. 1996).  Commencement of a civil action pursuant to FOIA does not relieve a requester of his obligation to pay any required fees.  *See Pollack v. Dep't of Justice*, 49 F.3d 115, 120 (4th Cir. 1995).

EOUSA argues that, by failing either to pay the copying fees in full or to obtain a fee waiver, plaintiff did not exhaust his administrative remedies.  *See* Def.'s Mot. at 2-5.  Further, EOUSA argues that it properly denied plaintiff's fee waiver request.  *See id.*  It follows, EOUSA asserts, that this civil action must be dismissed or, in the alternative, that summary judgment should be granted in its favor.  *See id.* at 5-6.

Plaintiff counters that, "given the unique circumstances of this case, he was not required to" pursue an administrative appeal.  Mem. of P. & A. in Support of Pl.'s Opp'n to Def.'s

---

[7]    In support of its motion, defendant submits the declaration of John F. Boseker, an Attorney Advisor assigned to the EOUSA office designated to administer the Freedom of Information Act.  Boseker Decl. ¶ 1.  In this capacity, Mr. Boseker acts as a liaison between EOUSA and other Justice Department components on FOIA matters, reviews correspondence and searches conducted in response to FOIA requests, and reviews the agency's responses.  *Id.* ¶ 4.  He personally is familiar with plaintiff's FOIA requests.  *Id.* ¶ 2.

Dispositive Mot. ("Pl.'s Opp'n") at 2.  EOUSA's letter which, among other things, denied

plaintiff's fee waiver request stated:

> Since this matter is presently in litigation before the U.S. District
> Court for the District of Columbia Civil Case Number 1:06cv00254
> ([ESH]), the administrative appeals process respecting these
> determinations is moot.

Boseker Decl., Ex. H at 2.  In the alternative, plaintiff demonstrates that he did file an

administrative appeal of EOUSA's decisions on FOIA Nos. 00-871 and 00-1820 to the Justice

Department's Office of Information and Privacy ("OIP").  Pl.'s Opp'n, Harrington Decl. ¶¶ 16-18

& Ex. 1 (May 27, 2006 letter to OIP), Ex. 2 (June 12, 2006 letters from OIP acknowledging

receipt of appeals designated Nos. 06-2228 and 06-2229).

At this stage, the filing of an administrative appeal is irrelevant.  EOUSA's failure to

respond to plaintiff's FOIA requests within the time period set forth in 5 U.S.C. § 552(a)(6)

"allows immediate recourse to the courts to compel the agency's response to a FOIA request."

*Oglesby*, 920 F.2d at 64.

### 1.   EOUSA Provided Adequate Notice of Copying Fees

An agency may charge a requester reasonable fees for the search, review, and duplication

of responsive documents.  5 U.S.C. § 552(a)(4)(A).  In cases such as plaintiff's, an agency may

charge fees only to search for and duplicate responsive records.  5 U.S.C. § 552(a)(4)(A)(ii)(III).[8]

---

[8]    Generally, there are three levels or limitations on fees.  An agency may charge
fees for the search, review and duplication of records if the records are requested for
a commercial use.  5 U.S.C. § 552(a)(4)(A)(ii)(I).  If the records are sought for a non-
commercial use and the request is made by an educational or non-commercial
scientific institution or by a representative of the news media, an agency may charge
fees only for the cost of duplication.  5 U.S.C. § 552(a)(4)(A)(ii)(II).  Nothing in the
record suggests a commercial use or a non-commercial use by a scientific or

(continued...)

There is no charge for the first two hours of search time or for the first 100 pages of duplication

if the requester, like plaintiff, has no commercial purpose for the requested records.  5 U.S.C. §

552(a)(4)(A)(iv)(II); 28 C.F.R. § 16.11(d)(3).  If an agency determines or estimates that the fees

to be charged will exceed $25, the agency must notify the requester of the actual or estimated fee.

28 C.F.R. § 16.11(e).  The agency neither considers a request received nor performs any further

work on a request until the requester agrees in writing to pay the anticipated total fee.  *Id.*  If the

agency determines or estimates that the total fee to be charged will exceed $250, the agency may

require the requester to make an advance payment before it begins to process the request.  28

C.F.R. § 16.11(i)(2).

EOUSA complied with the above regulations.  It promptly notified plaintiff that fees

would be assessed, estimated the total fees to be charged based on the revised page count, and

sought plaintiff's payment before further processing his request.  *See* Boseker Decl. ¶¶ 18-19 &

Ex. H.

2.    Disclosure of the Requested Records Is Not in the Public Interest

Documents are provided free of charge or at reduced fees "if disclosure of the information

is in the public interest because it is likely to contribute significantly to public understanding of

the operations or activities of the government and is not primarily in the commercial interest of

the requester."  5 U.S.C. § 552(a)(4)(A)(iii); *see* 28 C.F.R. § 16.11(k)(1).  In determining whether

disclosure of the information is in the public interest, an agency considers four factors: (1) the

---

[8](...continued)
educational institution, nor is plaintiff a representative of the news media.  Therefore,
neither of these limitations is applicable in this case.  In all other cases not covered
by the above provisions, an agency may charge fees for the search for and duplication
of records.  5 U.S.C. § 552(a)(4)(A)(ii)(III).

subject of the request, (2) the informative value of the information to be disclosed, (3) the

contribution to the public's understanding of the subject likely to result from disclosure, and (4)

the significance of the contribution to the public's understanding of government operations or

activities.  28 C.F.R. § 16.11(k)(2); *see, e.g., Judicial Watch, Inc. v. U.S. Dep't of Justice*, 185 F.

Supp. 2d 54, 60-62 (D.D.C. 2002).  In an action by a requester regarding the waiver of fees, the

Court determines the matter *de novo*, but the Court's review is limited to the record that was

before the agency.  5 U.S.C. § 552(a)(4)(A)(vii); *see Judicial Watch, Inc.*, 185 F. Supp. 2d at 59.

Plaintiff, as the requesting party, bears the burden of showing that disclosure of the

requested records is likely to make a significant contribution to the public's understanding of

identifiable operations or activities of the federal government.  *Larson v. CIA*, 843 F.2d 1481,

1483 (D.C. Cir. 1988).  In this regard, plaintiff's only argument is set forth in his April 12, 2006

response to EOUSA's initial determination:[9]

> Fifth, I would also like to request that your agency waive any fees and
> costs associated with search, review and copying of the requested
> records.  This FOIA/PA request is a non-commercial request for
> records relating to myself (and, of course, Mr. Towne) and I have
> already incurred substantial expenses in initiating the FOIA/PA action
> in the United States District Court in pursuit of these records that
> have been improperly withheld for the last six years.  Records, I must
> add, that would not have been released in the absence of the civil
> action in the United States District Court.

Boseker Decl., Ex. G at 3.  The public records at issue are, as plaintiff asserts, available to the

general public and disclosable in full.  *See id.* at 2.  Plaintiff's choice to obtain these records from

---

[9]     Plaintiff's opposition to defendant's dispositive motion does not address the
fee waiver issue at all, and the Court could treat the matter as conceded.  *See* LCvR
7(h).

EOUSA rather than from the Clerk of the Court subjects him to copying fees under the

applicable FOIA regulations.[10]

Nothing in the record of this case suggests that disclosure is likely to contribute

significantly to public understanding of the operations or activities of the federal government.  At

most, granting a fee waiver and disclosing these public records advances nothing other than

plaintiff's own understanding of his criminal case.  This private interest is not relevant to the fee

waiver analysis.  *See, e.g., McClain v. U.S. Dep't of Justice*, 13 F.3d 220, 220-21 (7th Cir. 1993)

(fee waiver denied to indigent prisoner who pursued private interest, a challenge to his criminal

conviction, in seeking FBI records about himself).  Furthermore, plaintiff's indigence alone,

without a showing of a public benefit, is not a valid basis for granting a fee waiver.  *See Ely v.*

*U.S. Postal Serv.*, 753 F.2d 163, 165 (D.C. Cir. 1985) (per curiam); *Durham v. U.S. Dep't of*

*Justice*, 829 F. Supp. 428, 435 n.10 (D.D.C. 1993).

---

[10]    The parties treated the public records at issue as within the scope of plaintiff's
June 2000 FOIA requests.  *See* Boseker Decl., Ex. F at 2, Ex. G at 1, & Ex. H at 1.
Plaintiff's failure to pay the assessed fees or to obtain a fee waiver with respect to the
public records precludes consideration at this time of EOUSA's decision to withhold
records or portions of records under Exemptions 3, 5, 7(C), and 7(D).

### III.   CONCLUSION

The Court concludes that by failing either to pay the assessed copying fee in full or to obtain a fee waiver, plaintiff did not exhaust his administrative remedies.  Accordingly, defendant's motion for summary judgment will be granted.  An Order consistent with this Memorandum Opinion will be issued separately on this same date.

                                                              _____/s/_____
                                                              ELLEN SEGAL HUVELLE
                                                              United States District Judge

Date: February 27, 2007