IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

MAR 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOHN HARRINGTON,         )
      Plaintiff,      )
                    )    Case No. 1:06-cv-0254-ESH
                    )
    -v-               )
                    )
                    )
DEPARTMENT OF JUSTICE, )
      Defendents.     )
_____)

## MOTION FOR CLARIFICATION OF THE SUMMARY JUDGEMENT ORDER

John Harrington, plaintiff herein, respectfully moves this Honorable Court for a clarification of it's ORDER granting summary judgment in favor of defendent agency, entered on February 27, 2007. Plaintiff requests the Court's clarification of the following matters, which are unclear:

<u>1</u>. Whether it was the Court's conclusion that the Fourth Circuit decision in <u>Pollack v. United States</u>, 49 F.3d 115, 119 (4th Cir. 1995) was wrongly decided and that it was therefore irrelevant that defendent agency's final action repecting copying fees was made <u>subsequent</u> to the date the complaint commencing this instant FOIA/PA enforcement action was filed in the district court. (See: **Pl. Opp. Exhibit # 3**).

MOTION FOR CLARIFICATION - 01

**2.** Whether plaintiff's agreement to pay copying fees that was communicated by letter to defendent's counsel a full month **before** the DOJ filed it's dispositive motion was material to the court's decision and why it did not create a genuine dispute of material facts that would preclude entry of summary judgment. (See: **Pl's Opp., Ex. #3**).

**3.** Whether plaintiff's letters to the DOJ of April 12, 2006, (**Def't Motion, Ex. #G**), and August 4, 2006, (**Pl's Opp. Ex. #3**), requesting an index of the documents for the purpose of narrowing the FOIA/PA request to lower costs consistant with 28 CFR § 16.11(e) was material to the Court's decision, see: **Pollack,** 49 F.3d at 120, and what the court's conclusions were concerning defendent agency's compliance with the regulation.

**4.** A clarification of the Court's legal conclusions that were the basis of the grant of summary judgment is also sought. Specifically, did the court intend to announce a bright line rule that the failure to pay copying fees bars judicial review of a FOIA/PA action even if the plaintiff pursued administrative remedies to the very end concerning those same fees **and** the agency's refusal to assist in narrowing the FOIA/PA request to reduce costs?

MOTION FOR CLARIFICATION - 02

Because of applicable time limitations, a stay of the Court's judgment is requested pursuant to Rule 62, to permit the Court the time necessary to issue it's clarification for use by the parties in any motions filed pursuant to Rules 52(b), 59(e), 60(b), or other applicable rules, and for appellate review.

Dated this 5th day of March, 2007.

Respectfully Submitted,

_____
JOHN HARRINGTON
Plaintiff

MOTION FOR CLARIFICATION - 03

## CERTIFICATE OF SERVICE

I, John Harrington, do hereby certify under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746, that I caused to be served one(1) copy of this **Motion For Clarification Of The Summary Judgment Order** upon defendent agency, the United States Department of Justice, by placing same in a prepaid First Class envelope addressed to:

> Marina Utgoff Braswell
> Assistant U.S. Attorney
> 555 Fourth Street N.W., Room 10-413
> Washington D.C. 20530

EXECUTED this 5th day of March, 2007

_____
John Harrington, Plaintiff