**RECEIVED**

MAR 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN HARRINGTON,<br>          Plaintiff, | )<br>)<br>) | Cv. No. 06-0254 ESH |
| -V- | )<br>)<br>)<br>) | |
| DEPARTMENT OF JUSTICE,<br>          Defendent. | )<br>)<br>)<br>) | |

<u>Motion For Relief From Judgment Under Rule 60(b)(3)</u>

<u>Or, In The Alternative, For Additional Findings And</u>

<u>To Modify The Judgment Order, Rules 52(b) and 59(e)</u>

John Harrington, plaintiff herein, respectfully moves this Honorable court for Relief from it's Order of Judgment, received through Sheridan Prison Camp's <u>Legal Mail</u> system on Friday, the First of March, 2007. In the alternative, plaintiff respectfully moves the court to make additional findings of fact and to Modify it's Judgment Order accordingly.

**(1)**

## BACKGROUND

In this FOIA/PA enforcement action, defendant United States Department of Justice, filed a dispositive motion under Rules 12(b)(1) and (6) and Rule 56(c), requesting the court to dismiss this case based upon the well grounded principle that a FOIA/PA requestor's failure to exhaust his administrative remedies bars judicial review of his access claims. According to defendant agency:

> "plaintiff has failed to exhaust his administrative remedies with respect to the fees owed in connection with his request and that he is not entitled to a fee waiver".

**Def's Motion,** at 1[*]

Defendant's motion was based upon the legal theory that plaintiff John Harrington had not paid fees in advance for copies of public record documents that were within the broad scope of his FOIA/PA request. In defendant's view:

> "A requestor has failed to exhaust his administrative remedies if the requestor does not comply with an agency's fee requirements".

**Def's Motion,** at 2

---

[*] The conventions used by the court in it's Memorandum Opinion and Final Order granting summary judgment in favor of defendant are used when referencing the relevant materials.

(2)

Defendent agency therefore concluded, without any support, that:

> "[t]he only exception to this principle is if the plaintiff
> has requested and is granted a waiver of the fees assessed".
>
> **Def's Motion,** at 2

Based on this reasoning, the Department of Justice took the position in it's motion for summary judgment that Mr. Harrington's--

> "failure to pay the fees properly assessed precludes judicial
> review of his access request to DOJ. This warrants dismissal
> or summary judgment in favor of DOJ".
>
> **Def's Motion,** at 5

In Mr. Harrington's Opposition, it was pointed out to this court that the Complaint commencing this action was filed several months **before** defendant agency first released responsive records and made it's fee determinations.[2] In Mr. Harrington's view, this fact was material because:

---

**2.** This was true, even though the Complaint commencing this action was filed nearly 6 years **after** the EOUSA acknowledged the FOIA/PA requests and began processing them. (See: **Def's Motion,** Ex. G).

"Once plaintiff commenced this enforcement action by filing the
Complaint, subsequent decisions of the defendent agency could
not operate to deprive the court of jurisdiction over the
enforcement proceedings".

**Pl's Opp'n,** at 3 - 4

Another factor that Mr. Harrington believed was material,
was that he pursued his administrative remedies concerning these
very same fees and costs to thier very end. Among the many points
raised was this:

"**Ninth,** Mr Harrington has requested EOUSA to provide an itemized
index containing a generalized description of records maintained
by EOUSA for the purpose of determining which of these records
he already possesses to save time, resources, and costs of
searching for and duplicating redundant materials. Mr. Harrington
has also requested a waiver of fees and costs. Mr. Harrington
appeals these determinations on the basis that it is arbitrary
and capricious to summarily denythese simple requests and an
unreasonable application of federal regulations."[3]

**Pl's Opp'n,** Ex. 1

---

**3.** Mr. Harrington had written directly to defendent agency with this
request. Because the EOUSA advised that he had 60 days to take an
appeal to OIP, (**Def's Motion,** Ex. F), Mr. Harrington asked for the
EOUSA's response before the filing deadline would expire, (**Pl's
Opp'n,** Ex. 1). No reply was given. Long after plaintiff's appeal
was submitted, EOUSA responded, denying his requests and now
advising he could **not** take an appeal to the OIP. (**Def's Motion,** Ex. H).

Another important fact, perhaps the most material fact of the entire case because of it's potential to show fraud by the U.S. Department of Justice, was plaintiff's agreement to pay the copying fees that had been communicated to defendent's counsel by letter a full month **before** the Department of Justice filed it's motion for summary judgment:

> **"Dear Counsel,**
>
> Please be advised of the following:
>
> **1.** Mr. Harrington would find it agreeable to pay the .10¢ per page copying fee for the public record materials maintained by EOUSA.
>
> *             *                  **\***                      **\***                      **\***
>
> **3.** Given Mr. Harrington's present situation and the fact of his imprisonment, it would be easiest for Mr. Harrington if the payment for these copying fees was taken directly from his prisoner account using the same procedures that were followed in the payment of the $250 filing fee. A motion could be prepared to effect this."
>
> **Pl's Opp'n, Ex. 3**

Plaintiff's Opposition then, presented a genuine dispute in material facts that went to the heart of the issues involved in the defendent agency's motion for summary judgment:

(5)

"As indicated in the attached declaration and it's supporting
documentation, Mr. Harrington exhausted his administrative
remedies by taking an administrative appeal to the OIP.
**Plaintiff's Exhibit # 1**. Among the many points raised were
the waiver of fees and costs. **Id.** The OIP acknowledged that
the agency had received Plaintiff's administrative appeal.
**Plaintiff's Exhibit # 2**. As of this date it is still pending.
Moreover, Mr. Harrington wrote defendent's counsel, Marina
Utgoff Braswell, a month before she filed defenent's motion
for summary judgment and offered to pay the requested fees.
**Plaintiff's Exhibit # 3**."

**Pl's Opp'n,** at 7

This court's Memmorandum Opinion granting summary judgment
in favor of defendent agency framed the issues as the court saw
it as follows:

"There is no dispute that plaintiff has failed to pay the
assessed copying fee. In this action, plaintiff alleges that
EOUSA has improperly withheld requested records, Compl. ¶12,
and he demands thier release in full. Defendent moves to
dismiss or, in the alternative, for summary judgment on the
ground that plaintiff failed to exhaust his administrative
remedies **before** filing this action".

**Memorandum Opinion,** at 4 (Emphasis Added)

**(6)**

The court then went on to describe the position of the parties:

> "EOUSA argues that, by failing either to pay the copying fees in full or to obtain a fee waiver, plaintiff did not exhaust his administrative remedies. Further, EOUSA argues that it properly denied plaintiff's fee waiver request".
>
> **Memorandum Opinion,** at 5 (Citation Omitted)

> "Plaintiff counters that 'given the unique circumstances of this case, he was not required to' pursue an administrative appeal...[i]n the alternative, plaintiff demonstrates that he did file an administrative appeal of EOUSA's decisions on FOIA Nos. 00-871 and 00-1820 to the Justice Department's Office of Information and Privacy".
>
> **Memorandum Opinion,** at 5-6[4]

The court therefore concluded:

> "At this stage, the filing of an administrative appeal is irrelevant. EOUSA's failure to respond to plaintiff's FOIA requests within the time period set forth in 5 U.S.C. § 552(a)(6), 'allows immediate recourse to the courts'"
>
> **Memorandum Opinion,** at 6

---

4. The court did not reference Mr. Harrington's agreement to pay the copying fees anywhere in it's Memorandum Opinion, suggesting that this evidence may have been overlooked. (See: **Pl's Opp'n,** Ex.3).

(7)

Then, after a brief analysis of the EOUSA's decision not to waive the copying fees, (See: **Memorandum Opinion**, at 6 - 9), the court reached it's decision:

> "The court concludes that by failing either to pay the assessed copying fee in full or to obtain a fee waiver, plaintiff did not exhaust his administrative remedies".

> **Memorandum Opinion,** at 10

The court then Granted defendent's motion for summary judgment and dismissed this FOIA/PA enforcement action. Plaintiff now asks this court to Amend it's findings and judgment pursuant to Rule 52(b) and Rule 59(e), and seeks Relief from the judgment pursuant to Rule 60(b)(3).

## DISCUSSION

A.    **A Fraud Was Perpetrated On This Court Justifying**
      **Relief Under Rule 60(b)(3).**

In this Freedom of Information and Privacy Act enforcement
action, defendent U.S. Department of Justice's motion for summary
judgment was premised on a lie. It said that Mr. Harrington had
refused to pay the costs for copies of public record documents
responsive to his FOIA/PA requests. This was untrue and the
United States Department of Justice knew it. A full month **before**
defendent agency filed it's motion for summary judgment,
Mr. Harrington had written to defense counsel indicating his
agreement to pay those very same copying fees and even proposed
a method of doing so, (see: **Pl's Opp'n,** Ex.3). Defense counsel
went ahead and filed the motion anyway, knowing Mr. Harrington
had contacted her directly in writing to arrange payment. Because
of the lie, this court necessarily concluded that there was no
genuine dispute in any material fact and therefore, the defendent
was entitled to summary judgment as a matter of law. In other
words, the United States Department of Justice perpetrated a
fraud upon this court.[5]

---

5.  The alternative view is that the court inadvertantly overlooked
    Pl's Oppn, Ex.3, or weighed the probative value of the evidence
    before reaching it's decision. Either scenario would likely result
    in reversal on appeal. See: **Summers v. DOJ,** 140 F.3d 1077, 1080
    (D.C. Cir. 1998)("If the trial judge had to engage in the weighing
    of evidence and the finding of fact in order to reach a decision,
    then a grant of summary judgment would not be in order").

Although it is unclear to plaintiff what the exact legal standards are in deciding a Rule 60(b)(3) motion, it appears that had the court been aware of Mr. Harrington's agreement to pay the copying fees, the court's decision would have been different. Under the regulations promulgated for the Freedom of Information and the Privacy Act, a FOIA/PA requestor's **agreement** to pay the required fees is the deciding fact:

> "In cases in which a requestor has been notified that actual or estimated fees amount to more than $25.00, the request shall not be considered received and further work shall not be done until **the requestor agrees to pay the anticipated total fee**. Any such agreement should be memoralized in writing.

> **28 CFR § 16.11(e)**    (Emphasis Added)

Here, it is clear that a full month **before** defendant agency filed it's motion for summary judgment, Mr. Harrington agreed to pay the required fees, proposed a method of doing it, and memoralized it in writing, just as the regulation had told him to do. It is therefore apparant that the court's decision would have been different in the absence of the fraud perpetrated on the court, or inadvertant mistake. Accordingly, this court should Amend it's findings and judgment pursuant to Rule 60(b)(3) and VACATE it's prior orders and DENY defendant's motion for summary judgment.

B.    **Defendent Agency's Fee Determination Was Made**
      **Subsequent To The Filing Of The Complaint,**
      **Justifying Modification Of The Judgment Under**
      **Rules 52(b) and 59(e).**

It may have escaped the court's notice that EOUSA's fee
determinations were made **after** this action was commenced. (See:
**Memorandum Opinion,** at 4, (stating the court's understanding that
the Department of Justice's motion was premised on the ground that
Mr. Harrington failed to exhaust his administrative remedies **before**
commencing suit)). Accordingly, this court is requested to make
additional findings under Rule 52(b) and 59(e) to determine if
**Pollack v. DOJ,** 49 F.3d 115 (4th Cir. 1995) is controlling on the
issue.

The **Pollack** case involved a request for documents under FOIA,
for "'files that refer to me directly or indirectly'. Explaining
further, Pollack asked for 'material involved [in his criminal
case]'". Pollack later broadened his request to include other
agencies and judicial districts. He received no response. A year
later, Pollack filed a FOIA enforcement action. "Several months
later, in March 1990, the Department of Justice responded for the
first time to Pollack's request...after completing it's search
...the government filed a cross motion for summary judgment,
contending that Pollack's failure to appeal administratively the
agency's actions as reported in the agency's various status reports

(11)

constituted a failure to exhaust administrative remedies. The
department likewise contended that Pollack's failure to remit
the necessary fees constituted a failure to exhaust administrative
remedies. It argued accordingly that the court lacked subject
matter jurisdiction". **Id.** at 118-119.

In deciding against the Department of Justice, the Court of
Appeals held:

> "The fact that further agency action was taking place on Pollack's
> FOIA request while his enforcement action was pending in court did
> not require Pollack to appeal administratively each agency
> determination as it was described in the department's status
> reports. The district court had jurisdiction over the FOIA request
> and properly retained jurisdiction, and **it was error** for the
> district court to conclude that it was somehow deprived of
> jurisdiction because Pollack failed to file administrative appeals
> with the agency head **during the litigation**."

> **Id.** at 119   (Emphasis Added)

Thus, as was true in **Pollack,** the controlling fact is that
the agency determinations were made **after** the FOIA enforcement
action was commenced. Accordingly, this court should revisit the
question in this case, make additional findings, and Modify it's
order Granting summary judgment in defendent's favor and DENY the
agency's motion.

C.    <u>The Governing Law Was Misapplied, Justifying</u>
      <u>Modification Of The Judgment Under Rules 52(b)</u>
      <u>and 59(e)</u>.

In it's Memorandum Opinion, this court held that Mr.
Harrington failed to exhaust his administrative remedies by not
paying the required fees or obtaining a waiver of those same fees
from the agency and concluded that it was irrelevant that he took
an administrative appeal to the OIP. In doing so, the Court
incorrectly applied the governing law. In **<u>Oglesby v. U.S. Dept.</u>**
**<u>of Army</u>**, 920 F.2d 57, 66 (D.C. Cir. 1990), the Court of Appeals
for the District of Columbia outlined the applicable governing
standard. It said that "[e]xhaustion does not occur until the
required fees are paid **<u>or</u>** an appeal is taken from the refusal to
waive fees". (Emphasis Added). Since it has already been
acknowledged by the court that Mr. Harrington took an appeal to
the OIP respecting those fees, (see: **Pl's Opp'n**, Ex.1 at Ground
NINE),  it is clear that under <u>Oglesby</u>, Mr. Harrington exhausted
his administrative remedies. Accordingly, this court should Amend
it's findings and judgment under Rules 52(b) and 59(e) to VACATE
it's prior judgment and DENY defendent's motion.

D.  **EOUSA's Fee Determinations Were Contrary To Federal Regulations, Justifying Modification Of The Court's Judgment And Additional Findings Under Rules 52(b) and 59(e).**

In deciding the merits of defendant's motion, the court's analysis did not go far enough. It only considered the question of whether the EOUSA properly denied Mr. Harrington's request for a waiver of fees. The court should have also considered the question of whether the agency properly denied Mr. Harrington's requests for assistance in narrowing his FOIA/PA requests to reduce costs.

Under the applicable federal regulation, when an agency determines that "actual or estimated fees amount to more than $25.00", the agency must provide a notice of that determination. The regulation further provides:

> "A notice under this paragraph will offer the requestor an opportunity to discuss the matter with Department personnel in order to reformulate the request to meet the requestor's needs at a lower cost"

**28 CFR § 16.11(e)**

Here, defendant agency failed to comply with the provision of this regulation. It's notice of March 27, 2006, (**Def's Motion**, Ex.F), contains **NO** offer to permit Mr. Harrington to reformulate

**(14)**

his FOIA/PA request with EOUSA staff to reduce it's fees and costs. This failure alone is enough to justify the court to make additional findings and deny the Department of Justice's motion on the ground that EOUSA's fee notification was insufficient to trigger the exhaustion requirement. See: **Oglesby,** 920 F.2d at 67.

But that is not the end of the matter. In his letter of April 12, 2006, (**Def's Motion,** Ex.G), Mr. Harrington, on his own initiative, requested the EOUSA to provide him a generalized index of the public record documents to assist him in reformulating his FOIA/PA requests to lower costs. The agency's untimely response was to refuse the request, (**Def's Motion,** Ex.H). Mr. Harrington repeated his request in his letter to counsel of August 4, 2006, (**Pl's Opp'n,** Ex.3), but no response was given. Thus, not only had defendant agency failed to comply with the fee notification requirement, but it refused to allow Mr. Harrington to reformulate his FOIA/PA request to lower costs. Accordingly, this court should make additional findings and Modify it's judgment to DENY defendant Department of Justice's dispositive motion.

**E.    The Court Should Modify It's Judgment Under Rules 52(b) and 59(e) To Grant Partial Summary Judgment.**

In the alternative, the court is requested to consider modifying it's summary judgment order to reflect a judgment only against the claim relating to the public record documents that were the subject of the fees, and not the entire case.

Although defendant agency may have led this court to believe that the case only involved the public record documents that were the subject of the fees the agency had assessed, the FOIA/PA requests in this action involved much more than that. It also involved:

- 37 pages of documents that defendent agency had partially withheld

- 78 pages of documents that defendent agency had reviewed for segregable information that could be released, but were withheld in full

- 1065 pages of documents and four audio tapes that originated from the DEA and USMS that were referred by the EOUSA to respond directly to Mr. Harrington about releasing those records, but did not

- Plaintiff's allegation that the EOUSA had been arbitrary and capricious in terminating it's search for records as retaliation for the prior suit Mr. Harrington had filed against the agency

In **Wilber v. CIA**, 355 F.3d 675, 676 (D.C. Cir. 2004), the Court of Appeals for the District of Columbia held that a FOIA requestor's failure to exhaust his administrative remedies, including the failure to pay fees, is not a jurisdictional prerequisite to bringing a lawsuit under the FOIA/PA, but is **treated** as a bar to judicial review.

This distinction is an important one. If the exhaustion requirement were jurisdictional, the court would be standing on solid ground to dismiss this entire case on the basis that plaintiff had failed to exhaust his administrative remedies. But, the exhaustion requirement is not jurisdictional, see: **Wilber**, 355 F.3d at 676 (citing **Hildago v. FBI**, 344 F.3d 1256 (D.C. Cir. 2003) (Quoting **Oglesby**, 920 F.2d at 61)). Therefore, the Grant of summary judgment should only affect the public record documents that were the subject of the fees and not the entire case as a whole. Accordingly, the court is requested to Modify it's order Granting summary judgment to be consistant with these decisions and allow plaintiff to persist in the prosecution of this FOIA/PA enforcement action concerning defendent agency's retaliation against him for his prior suit against the agency and other matters unaffected by the unpaid fees for copies of the public record materials.

## CONCLUSION

For the forgoing reasons, this court should VACATE it's prior decisions Granting summary judgment in favor of defendent United States Department of Justice and dismissing the case, and make additional findings and grant Relief from the judgment pursuant to Rule 60(b)(3), or in the alternative, Modify it's order consistant with Rules 52(b) and 59(e), or such other rules or grounds as are consistant with the interests of justice.

DATED this 9th Day of March, 2007.

Respectfully Submitted,

JOHN HARRINGTON
Plaintiff

---

## CERTIFICATE OF SERVICE

---

I, John Harrington, do hereby certify under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746, that I caused to be served one(1) copy of this--

[X] **Motion For Relief From Judgment Under Rule 60(b)(3) Or, In The Alternative, For Additional Findings And To Modify The Judgment Order, Rules 52(b) and 59(e)**

--upon defendant United States Department of Justice by placing same in Sheridan Satellite Camp's Legal Mail system with Prepaid First Class postage addressed to:

**Marina Utgoff Braswell**
**Assistant U.S. Attorney--Civil Division**
**555 Fourth Street N.W., Room 10-413**
**Washington D.C. 20530**

EXECUTED this 9th Day of March, 2007.

_____
**JOHN HARRINGTON**
Plaintiff

**(19)**