```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


JOHN HARRINGTON, Pro Se,       )
                               )
            Plaintiff,         )
                               )
      v.                       )  Civil No. 06-0254 ESH
                               )
U.S. DEPARTMENT OF JUSTICE,    )
                               )
            Defendant.         )
_____)
```

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S
    MOTION FOR CLARIFICATION AND MOTION FOR RECONSIDERATION

                        Preliminary Statement

In this case brought under the Freedom of Information Act [FOIA], 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, this Court granted defendant's motion for summary judgment on the grounds that plaintiff has failed to exhaust his administrative remedies with respect to the fees owed in connection with his request and that he is not entitled to a fee waiver.  There is still no dispute that plaintiff has not paid the requisite fees.

In response to the Court's decision, plaintiff first moved for clarification and then moved for relief from judgment under Rule 60(b)(3) or, alternatively, to modify the judgment under Rules 52(b) and 59(e).  Plaintiff claims that defendant achieved judgment in this case based on fraud by misrepresenting facts to the Court.  Alternatively, plaintiff argues that the Court erred in its decision and that judgment for defendant should be set aside.

Plaintiff is wrong on all counts. Defendant misrepresented no facts to this Court, so Rule 60(b)(3) is inapplicable. Rule 52(b) plainly does not apply because no trial was held in this case. Plaintiff's motion for reconsideration under Rule 59(e) consists of nothing more than plaintiff's attempt to relitigate issues already presented to, and decided by, this Court. This is manifestly contrary to well-settled law that a motion for reconsideration may not be used as a vehicle to simply relitigate issues already presented and decided. Plaintiff has presented no error in need of correction, and thus his motion for reconsideration should be denied.

Similarly, plaintiff's motion for clarification should be denied. Nothing in this Court's decision is in need of clarification. Indeed, the motion for clarification is nothing more than a thinly veiled motion for reconsideration, posing alleged "questions" that in fact serve as plaintiff's arguments for why he believes the Court's decision is erroneous.

For the reasons set forth below, both of plaintiff's motions should be denied.

## ARGUMENT

A motion for reconsideration is discretionary with the Court and ordinarily will be granted only on the basis of (1) an intervening change of controlling law; (2) newly discovered evidence or (3) the need to correct errors of law or fact or

prevent manifest injustice. See, e.g., Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). If a party alleges error as the basis for reconsideration, he must present facts or law that warrant a reversal of the Court's prior decision. However, it is well settled that reconsideration is not appropriate where there is no error of law or fact and where a party is merely attempting to reargue its factual and legal assertions. Taylor v. Department of Justice, 268 F. Supp.2d 34, 35 (D.D.C. 2003). A Rule 59(e) motion cannot be used to relitigate matters already argued and decided. United States v. Western Electric Co., 690 F. Supp. 22, 25 (D.D.C. 1988), modified on other grounds, 900 F.2d 283 (D.C. Cir. 1990). As the Court said in Shields v. Shetler, 120 F.R.D. 123, 126 (D. Colo. 1988), reconsideration is not to be used as a "license for a losing party's attorneys to get a 'second bite at the apple.'"

> Additionally, with respect to a motion for reconsideration:
>
> The strictness with which such motions are viewed is justified by the need to protect both the integrity of the adversarial process in which parties are expected to bring all arguments before the court, and the ability of parties and others to rely on the finality of judgments. In light of the foregoing, motions for reconsideration are rarely granted by this Court.

In the matter of an Application to Enforce Administrative Subpoena of the U.S. Commodity Futures Trading Commission, 403 F. Supp.2d 34, 35 (D.D.C. 2005). Plaintiff's motion in this case does not fall under one of those rare circumstances in which this

Court should grant reconsideration.

Plaintiff argues that he cannot be found to have failed to have exhausted his administrative remedies because "he pursued his administrative remedies concerning these very same fees and costs to thier (sic) very end." Plaintiff's Recon. Mot. at 4. Plaintiff raises the same issue in his motion for clarification. Plaintiff's Clarify Mot. at 2, ¶ 4.

Plaintiff apparently fails to understand that under the FOIA the payment of fees which are properly found not subject to waiver is a part of the requirement to exhaust administrative remedies before judicial review is available. See 5 U.S.C. § 552(a)(3)(B); Oglesby v. United States Department of the Army, 920 F.2d 57, 61, 66 & n.11, 71 (D.C. Cir. 1990); Judicial Watch, Inc. v. FBI, 190 F. Supp. 2d 29, 33 (D.D.C. 2002). As this Court noted, "c[]ommencement of a civil action pursuant to FOIA does not relieve a requester of his obligation to pay any required fees." Mem. Op. at 5, citing Pollack v. Department of Justice, 49 F.3d 115, 120 (4th Cir. 1995).[1]

---

1  In his motion for clarification, plaintiff asks whether this Court concluded that the Pollack decision was wrongly decided and that therefore it is irrelevant if the agency's final decision on fees is made after suit has been filed. Plaintiff's Clarify Mot. at 1, ¶ 1. Plaintiff misunderstands the Pollack decision. In that case the Fourth Circuit held that an agency could not insist that a FOIA requester administratively appeal agency action that occurred after a FOIA lawsuit had been filed. However, the Fourth Circuit made clear that a FOIA plaintiff is obligated to pay properly assessed fees and that commencement of a lawsuit did
(continued...)

Plaintiff next argues that he had communicated an agreement to pay the assessed fees at issue before defendant filed its dispositive motion, and this fact also precluded summary judgment for defendant.  Plaintiff's Recon. Mot. at 5; Plaintiff's Clarify Mot. at 2, ¶ 2.  Based on this alleged agreement to pay, plaintiff also argues that defendant fraudulently represented to the Court that plaintiff had refused to pay the assessed fee.  Id. at 9-10.

It certainly was not fraudulent or erroneous for defendant to represent the undisputed fact that plaintiff had failed to pay the fee assessed.  See Boseker Dec., filed at Docket No. 18, ¶ 20.  Moreover, defendant did not ask plaintiff for a promise to pay the fee; rather defendant assessed a fee of $264.90 which plaintiff was obligated to pay when his request for a fee waiver was denied.  Plaintiff erroneously relies on 28 C.F.R. § 16.11(e), which discusses a FOIA requester's ability to promise to pay an anticipated fee.  Defendant's assessment of the fee in this case, however, was made under 28 C.F.R. § 16.11(i)(2), which allows defendant to require an advance payment up to the full amount where the estimated fee exceeds $250.00.  In this case, the fee assessed was $264.90.  Boseker Dec., Exh. H.

Thus, defendant properly assessed plaintiff a fee which he

---

1(...continued)
not vitiate this obligation.   Pollack, 49 F.3d at 119-120.

was obligated to pay.  This is especially true considering the fact that, as defendant pointed out in its reply brief, plaintiff's alleged promise to pay was an empty gesture given plaintiff's admission that he did not have the money to make such a payment.  Defendant's Reply Memorandum at 3, Docket No. 29, citing Plaintiff's Exh. 3.  Nonetheless, under 28 C.F.R. § 16.11(i)(2), defendant was not obligated to accept plaintiff's promise to pay and thus it is irrelevant.

Plaintiff also claims that defendant failed to offer him an opportunity to reformulate his request to reduce the fees assessed, as required by 28 C.F.R. § 16.11(e).  Plaintiff's Recon. Mot. at 14-15.  This section, however, is inapplicable, as explained above.  See supra at 5.

Notwithstanding this fact, even if this section somehow did apply, defendant certainly offered plaintiff an opportunity to reduce the fee assessed.  By letter dated March 27, 2006, defendant informed plaintiff that he could obtain the approximately 2400 pages of public records from the court, which would have eliminated defendant's cost of providing this material. Boseker Dec., Exh. F at p. 2.  Plaintiff responded that he wanted this material from defendant.  Id. at Exh. G.  Defendant then responded with its fee assessment for providing this information.  Id. at Exh. H.  Nothing in this sequence of events indicates a violation of 28 C.F.R. § 16.11(e), if it in

fact applied.[2]

Finally, plaintiff claims that his failure to pay fees should operate only to affect his request for access to the records for which the fees were assessed and not to the remainder of the lawsuit. Plaintiff's Recon. Mot. at 16-17.  This includes, according to plaintiff, the status of material referred to other parts of the Department of Justice for processing.  Id. at 16.

On the contrary, the Fourth Circuit in Pollack made clear that a requester's failure to pay properly assessed fees allows "all offices within" the agency "to cease processing" the request.  Id., 49 F.3d at 120.  Defendant's regulation provides for the same result.  28 C.F.R. § 16.11(i)(3).

To the extent that plaintiff is claiming now that defendant should be obligated to produce a Vaughn index on the information already disclosed to plaintiff, regardless of fees owed for further processing, this is not the relief requested by the Complaint nor could it have been, as those records had not been released at the time the Complaint was filed.  Rather, the Complaint requested that this Court order all records requested by plaintiff to be released and to order defendant to complete a

---

[2]  Plaintiff's claim that defendant was required to provide him with a "generalized index of [the] public record documents to assist him in reformulating his FOIA/PA requests to lower costs" is supported by no authority nor is defendant aware of any such requirement.  See Plaintiff's Recon. Mot. at 15; Plaintiff's Clarify Mot. at 2, ¶ 3.

search for responsive records. Plaintiff never attempted to amend his Complaint.  Therefore, plaintiff's attempt to reformulate his lawsuit after this Court has granted summary judgment to defendant should be denied.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, plaintiff's motions for reconsideration and clarification should be denied.

                        Respectfully submitted,

                        _____
                        JEFFREY A. TAYLOR, D.C. BAR #498610
                        United States Attorney

                        _____
                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                        Assistant United States Attorney

                        _____
                        MARINA UTGOFF BRASWELL, DC BAR #416587
                        Assistant United States Attorney
                        U.S. Attorney's Office
                        555 4th Street, N.W. - Civil Division
                        Washington, D.C. 20530
                        (202) 514-7226

CERTIFICATE OF SERVICE

I certify that the accompanying opposition brief was served upon plaintiff by depositing a copy of it in the U.S. mail, first class postage prepaid, addressed to:

> Mr. John Harrington
> Reg. No. 24499-086
> Sheridan Satellite Camp
> P.O. Box 6000
> Sheridan, OR 97378

on this ___12th___ day of April, 2007.

> MARINA UTGOFF BRASWELL, D.C. Bar #416587
> Assistant United States Attorney
> U.S. Attorney's Office
> Judiciary Center Building
> 555 4th Street, N.W.
> Washington, D.C. 20530
> (202) 514-7226

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


JOHN HARRINGTON, Pro Se,       )
                               )
            Plaintiff,         )
                               )
            v.                 )  Civil No. 06-0254 ESH
                               )
U.S. DEPARTMENT OF JUSTICE,    )
                               )
            Defendant.         )
                               )
```

**ORDER**

Upon consideration of plaintiff's motion for clarification and motion for reconsideration, of all the papers filed in support of and in opposition to those motions, and of the entire record, and it appearing to the Court that the denial of plaintiff's motions would be just and proper, it is by the Court this _____ day of _____, 2007,

ORDERED that plaintiff's motion for clarification and motion for reconsideration be, and they are, denied.

                                    _____
                                    UNITED STATES DISTRICT COURT

Marina Utgoff Braswell
Assistant U.S. Attorney
U.S. Attorney's Office
Judiciary Center
555 - 4th Street, N.W.
Washington, D.C. 20530


Mr. John Harrington
Reg. No. 24499-086
Sheridan Satellite Camp
P.O. Box 6000
Sheridan, OR 97378